The question is: Should the entire judgment be reversed because of the sentence being vulnerable? I think not.
The appellant Barnhill was tried in the Criminal Court of Record of Polk County on a criminal information charging that on November 26, 1947, in Polk County, Florida, he "did unlawfully sell or cause to be sold intoxicating liquor, * * * the said Loy Barnhill having entered previously, to-wit: January 20, 1947, a Plea of Guilty and having been adjudicated to be guilty by the Criminal Court of Record of Polk County, Florida, of the possession of Liquor for the Purpose of Sale and the Sale of Liquor, in Polk County, * * *."
At the conclusion of the evidence in the case the jury returned the verdict: "We, the jury, find the defendant, Loy Barnhill, guilty as charged in the information, so say we all"; and upon that verdict the trial court sentenced the appellant to the State penitentiary for two years at hard labor.
The appellant has taken an appeal from the judgment and sentence and contends that the verdict rendered by the jury was legally insufficient as a predicate upon which to base a valid judgment committing the appellant to the State penitentiary as "deemed guilty of a felony" because of a prior conviction for violation of the beverage law.
Under the beverage law of this State it is unlawful for any person to sell or to cause to be sold, any intoxicating liquors, *Page 335 
wines, or beer in any county that has voted against the sale of intoxicating liquors, etc. Secs. 568.02-568.04, Florida Statutes 1941, F.S.A.
The question arising upon the appeal is whether a verdict of "guilty as charged in the information" is sufficiently certain to sustain a judgment imposing punishment under the terms of Section562.45, Florida Statutes 1941, F.S.A.
The case of Coulson v. State, 110 Fla. 281, 149 So. 522, involved a judgment and sentence as a second offender against the liquor law, to-wit: Sec. 7630, C.G.L. The verdict was: "We the jurors find the defendant guilty as charged."
Upon appeal the complaint was that the prior conviction "was not sufficiently proven" and this Court held that "the verdict should have been set aside on defendant's motion and a new trial awarded" and the cause was "reversed for a new trial."
The case of Coulson v. State, 110 Fla. 279, 149 So. 521, involved a second offense against the liquor law, to-wit: Sec. 7630, C.G.L., and the verdict of the jury was: "We, the jury, find the defendant guilty of first and second counts."
The complaint upon appeal was that "the verdict of the jury is fatally defective in that it did not expressly determine separately the historical fact of the plaintiff in error's first conviction, as alleged in the Circuit Court indictment." In disposing of the appeal, this Court held:
"We hold, in line with the case above cited and the contention of plaintiff in error, that under such a verdict no judgment of conviction for a second offense violation of the liquor law was not authorized, therefore this writ of error is well taken and the judgment must be reversed and the cause remanded withdirections to have such appropriate proceedings as may be inaccordance with law.
"Reversed and remanded with directions." (Italics supplied.)
It will be noted that in Coulson v. State, 110 Fla. 279,149 So. 521, wherein the question of jury's determination of a prior conviction under a verdict similar to the verdict in the case at bar was involved, the cause was not reversed for a "new trial" as in 110 Fla. 281, 149 So. 522, but was "reversed and the cause remanded, with directions to have such appropriate proceedings as may be in accordance with law." Such should be the judgment of this Court on this appeal.
An "offense" is an infraction of the law, and the independent and indispensable language of the charge of the "offense" against this appellant was that he "did unlawfully sell or cause to be sold intoxicating liquor," etc., which under the law, without other factors, is a misdemeanor and subject to prescribed punishment. However, it is provided by Section 562.45, F.S. 1941, F.S.A.:
"* * * that any person, who shall have been convicted of a violation of any provision of the beverage law and shall thereafter be convicted of a further violation of the beverage law, shall, upon conviction of said further offense, be deemed guilty of a felony * * *."
Under Section 562.45, supra, the "offense" is made a felony when committed by one "convicted of a further violation of the beverage law." This makes it clear that when one is once convicted of the violation of the beverage law that a further "offense" against such law constitutes a felony.
When the prosecuting authority is so informed, it is highly proper, and by no means improper, for the accused to be advised of the consequences that ensue because of an antecedent conviction. However, subsequent conviction of the infraction of the law is a statutory condition precedent to the question of a prior conviction becoming material.
When it is not objected to, the admission of evidence of a prior conviction is not essentially reversible error, but it would likely be more conducive to a fair trial for the determination of a prior conviction to be determined after the subsequent conviction by the same jury, another jury or by the court, if the circumstances permit.
In order to divorce the infraction or offense vel non from the prior conviction, so as to conveniently exclude it from the jury trying the subsequent offense, it might be well to present the suggestion, information or presentment of the prior offense in a separate document or in a separate paragraph *Page 336 
of the information or indictment, which would not necessarily be read to the jury trying the offense or infraction charged.
The factor of the conviction being preceded by a prior conviction is germane to the consequences of second conviction, as to its making the offense a felony and subject to a more severe punishment or penalty.
Should the entire judgment be reversed because of the sentence being vulnerable? I think not. It appears that the verdict was sufficient to sustain a judgment of guilt of the offense charged, but there was no express finding of the jury as to a prior conviction of a violation of the liquor law; wherefore the judgment of guilt of the offense charged should be affirmed, but reversed for further proceedings for the determination of a prior conviction vel non and the imposition of a proper sentence.