STATE OF FLORIDA, *ex. rel.* MARION LOCKMILLER, *Petitioner,*
v. NATHAN MAYO, COMMISSIONER OF AGRICULTURE, AND
J. S. BLITCH, SUPERINTENDENT OF STATE PENITENTIARY,
*Respondents.*

## Division A.

## Opinion Filed June 24, 1924.

1. In an indictment charging one with the violation of the intoxicating liquor law as a second offender prior conviction of like offense is not an integral part of the crime charged in the sense that the defendant's guilt or innocence of the former charge has to be inquired into and determined by the jury but it is essential to be alleged and proven as a basis for the imposition of the penalty prescribed by statute in the event the jury should find the defendant guilty of the offense charged.

2. Under Chapter 9266, Laws of Florida, 1923, a person charged with the violation of any of the provisions of the Act relating to the unlawful sale, barter, exchange, manufacture or transportation, or possession for illegal purposes of intoxicating liquor will not be deemed a second offender and does not incur the increased penalties prescribed unless he had been theretofore convicted of either manufacturing, selling, possessing for sale, or transporting for sale any intoxicating liquor for beverage purposes.

3. In the trial of a person for the violation of the intoxicating liquor law as a second offender the jury should be instructed in the event of finding the defendant guilty to separately find and state their finding in the verdict whether the defendant had been formerly convicted as charged in the indictment.

4. One who is restrained of his liberty under the sentence of a court as the result of a trial on an indictment which charges no offense under the statute is entitled to his discharge on a writ of *habeas corpus.*

A case of original jurisdiction.

Petitioner discharged.

*Farrington & Lockhart,* for Petitioner;

*Rivers Buford, Attorney General,* and *J. B. Gaines, Assistant,* for Respondents.

ELLIS, J.—At the Spring term of the Circuit Court for Broward County in 1924, Lockmiller was indicted for the offense of unlawfully operating "a still for the purpose of manufacturing intoxicating liquors, to-wit: moonshine whiskey." It was alleged that the accused had been previously convicted in the County Court "for a violation of the laws against the unlawful manufacture, sale, possession and transportation of intoxicating liquors."

The language charging the offense to have been committed in January, 1924, is as follows: "did then and there unlawfully operate a still for the purpose of manufacturing intoxicating liquors, to-wit: moonshine whiskey."

Section 5458, Revised General Statutes, denounces the offense of manufacturing, bartering or selling of any alcoholic or intoxicating liquors or beverages. The language of the Section is, in part, as follows: "That it shall be unlawful for any person, association of persons or corporation, or any agent or employee of any person, association of persons or corporation, to manufacture, sell, barter or exchange, or cause to be manufactured, sold, bartered, or exchanged, or in anywise to be concerned in the manufacture, sale, barter, or exchange, or to transport, cause to be transported, or in anywise be concerned in the transportation, from any point in this State to any other point in this State, or to any point in this State from any point without the State,    *   *   *   any alcoholic or intoxicat-

ing liquors or beverages. whether spirituous, vinous or malt, except as is hereinafter provided.''

Section 5486 provided the penalty for violating any of the preceding provisions of the article, (which was Article 16 of Division 5, Part 1, Title 2, Revised General Statutes) declared to be unlawful. The penalty imposed by the Section was a fine ''not exceeding five hundred dollars or by imprisonment in the county jail not exceeding six months, or by both such fine and imprisonment.'' The crime was declared to be a misdemeanor. The Section also provided that any person, etc., who ''having previously been convicted as is hereinbefore in this Section provided, shall subsequently violate any of the foregoing provisions of this article herein declared to be unlawful, or to be a misdemeanor, or which imposes a duty upon any officer or person, shall upon conviction be deemed guilty of a felony and punished by a fine not exceeding three thousand dollars or by imprisonment in the State Prison not exceeding three years, or by both such fine and imprisonment.''

Section 5461 denounces the crime of owning or having in ones' ''possession, or custody, or control, in this State, any still or distilling apparatus set up with intent to manufacture or distill alcoholic or intoxicating liquors or beverages, whether spirituous, vinous or malt; to produce distilled alcoholic spirits; to brew or make mash, wort or wash fit for distillation or for the production of alcoholic spirits; or by any process to separate alcoholic spirits from any fermented substance; except as hereinafter provided.''

Under Section 5486, *supra,* a first offense was declared to be a misdemeanor and a second offense against the provisions of the article was declared to be a felony. Whether the Section sought to prescribe merely an increased punishment for habitual offenders or create a new offense, a felony, for a second violation of the Act, the allegation

of prior conviction was a necessary element in the so-called felony.

We so held in Norwood v. State, 80 Fla. 613, 86 South. Rep. 506. In the sense in which the phrase "necessary element" was used in that case we have no doubt of its correctness. Prior conviction had to be proved in order to justify the imposition of the greater penalty. It was not, however, an integral part of the crime charged in the sense that the defendant's guilt or innocence of the first violation of the Act had to be inquired into and determined by the jury.

Statutes providing for the infliction of greater punishment upon second offenders merely increases or adds' to the punishment for the last crime because of the class to which the defendant belongs. He is punished not for the old or previous crime but because he belongs to a *class* of habitual offenders. Such statutes are uniformly held to be valid. See McDonald v. Commonwealth of Massachusetts, 180 U. S. 311, 45 L. Ed. 542, 21 Sup. Ct. Rep. 389; Carlesi v. People of State of New York, 233 U. S. 51, 58 L. Ed. 843, 34 Sup. Ct. Rep. 576; Graham v. State of West Virginia, 224 U. S. 616, 56 L. Ed. 917, 32 Sup. Ct. Rep. 583.

Section 5486, *supra,* was amended by Chapter 9266 Laws of Florida, 1923. A casual reading of the amending statute will reveal the important changes brought about by the Legislature.

Under Section 5486, *supra,* a conviction for a violation of any of the provisions in the article upon a charge against one as a second offender was sufficient to support the allegation, provided, of course, the identity of the defendant was established as the person so formerly convicted. But under the provisions of the Act of 1923, Chapter 9266, *supra,* a person charged with the violation

of any of the provisions of the Act "relative to the unlawful sale, barter, exchange, manufacture or transportation or possession, for illegal purposes, of intoxicating liquors, and declared unlawful by the laws of the State of Florida," will not be deemed a second offender and does not incur the increased penalties prescribed unless he had been theretofore convicted of one or more of four possible transgressions of the Act; viz: manufacturing; selling; possessing *for sale* or transporting *for sale* any intoxicating *liquors for beverage* purposes; and the second offense must be that of manufacturing, selling, possessing for sale or transporting for sale such liquors.

The statute prescribes a form of information or indictment for cases of "second or subsequent" offenders and requires the identity of the person so charged to be made before the "Court" trying the case. It may be as well to say in this connection that the word "Court" in that connection means jury trying the case. Because a person called before a Court to answer in fines and penalties for the violation of law has a constitutional right to trial by jury of the fact alleged on account of which he incurs the penalties. The clause was perhaps inserted in the Act in an abundance of caution as in the absence of such provision the defendant's identity with the person formerly convicted would have to be established as any other fact in the case.

In the trial of a person as a second offender, whether it be for a violation of the intoxicating liquor law or for any other crime, two questions which in a sense are unrelated are involved; the first, is that of guilt or innocence of the offense charged; it may be larceny or for manufacturing, selling or transporting for sale intoxicating liquors for beverage purposes. The second question is the his-

torical fact of former conviction for the crimes named and identity of the defendant as the prior criminal.

We are of the opinion that in such cases the jury should be instructed in the event of finding the defendant guilty to separately find and state their findings in the verdict whether the defendant had been formerly convicted as charged in the indictment.

In the case of a prosecution of a second offender for the violation of the intoxicating liquor Act the charge to be tried is the manufacture, or sale, or possession for sale or transportation for sale of alcoholic or intoxicating liquors. If the verdict is not guilty, that of course is an end of the case; if it is guilty, but the jury is not satisfied of the identity of the defendant as one who had been formerly convicted the verdict should so state and the penalty for a first offense would be applicable; but if the jury found against the defendant also on the second proposition it is equally important that their verdict should so state. Such has been the practice in England and many of the States. Some States by statutory enactment require such finding by the jury. A verdict of ''guilty'' in such a case where penalties for a second or third offense are invoked is regarded as not responsive to the allegations of the indictment or information. See 16 C. J. 1348; Goeller v. State, 119 Md. 61, 85 Atl. Rep. 954; 1 Bishop on Criminal Law (9 Ed.) Sec. 964; Maguire v. State of Maryland, 47 Md. 485; People v. Eppinger, 109 Cal. 294, 41 Pac. Rep. 1037; Thomas v. Commonwealth, 22 Gratt. (Va.). 912; Wharton's Criminal Proc. Sec. 1879-1881; 12 Cyc. 252; State v. Smith, 129 Iowa 709, 106 N. W. Rep. 187; 25 Stand. Ency. of Proc. 1008; Henderson v. State, 55 Fla. 36, 46 South. Rep. 151; Pridgeon v. State, 68 Fla. 98, 66 South. Rep. 564.

The two Florida cases although not expressly deciding the point indicate strongly the Court's thought upon the

proposition. Both cases were for second effense larceny. In the first case the verdict was: "We the jury find the defendant guilty of second larceny." The Court held the verdict good as finding the issue upon the crime charged and upon the further fact of former conviction.. In the second case the verdict was: "guilty of larceny, first offense" and it was held to be bad.

The defendant in this case was charged with the act of "operating a still for the purpose of manufacturing intoxicating liquors, to-wit. moonshine whiskey," as a second offender.

In the first place no such offense is denounced by the statute; but if it should be treated as a charge of manufacturing intoxicating liquor, the offense for which it is alleged that he was formerly convicted is not such an offense as constitutes one a second offender under the statute who is charged with the manufacture, sale, possession for sale or transportation for sale of such liquor.

Upon the defendant's trial the verdict of the jury was "We, the jury, find the defendant guilty; so say we all." Upon that verdict the Judge imposed the greater penalty, imprisonment in the State penitentiary of Florida at hard labor for the period of two years.

He seeks his discharge upon a writ of habeas corpus.

As the indictment charged no offense under the statute, and was wholly defective as charging a second offense the trial, verdict and judgment were void.

It is therefore considered and ordered that the petitioner be discharged from custody and that the State pay the cost of this proceeding.

TAYLOR, C. J., AND BROWNE, J., concur.

WHITFIELD, P. J., AND TERRELL, J., concur in the opinion.

WEST, J., concurs in the conclusion.