JOHN BENSON, *Plaintiff in Error,* v. STATE OF FLORIDA, *Defendant in Error.*

## Division A.

## Opinion Filed June 24, 1924

1. An indictment charging one as a second offender with the offense of unlawfully having in his possession intoxicating liquors under Chapter 9266 Laws of Florida, Acts of 1923, should allege that the accused had the liquor in his possession for sale.

2. When a person is indicted and tried for a violation of the intoxicating liquor law as a second offender the jury should expressly determine separately the question of the historical fact of the defendant's former conviction as alleged.

A Writ of Error to the Circuit Court for St. Lucie County, C. E. Chillingworth, Judge.

Judgment reversed.

*Otis R. Parker and Elwyn Thomas,* for Plaintiff in Error.

*Rievrs Buford,* Attorney General, for the State.

ELLIS, J.—John Benson was indicted in two counts for unlawfull having in his possession a certain quantity of intoxicating liquors as second offender and for unlawfully transporting such liquors as a second offender.

The verdict was: "We the jury find the defendant guilty of first count, so say we all." Upon that verdict the greater penalty provided by Chapter 9266 Laws of Florida, 1923, was imposed. The sentence being imprison-

ment in the State penitentiary for one year at hard labor and the payment of a fine of one hundred dollars.

There was a motion to quash the indictment which was overruled.

The motion should have been granted. As the defendant was indicted as a second offender under the act of the Legislature above referred to the allegation of the second offense for which he was tried should have been that he had the liquor in his possession for sale. See State ex rel. Lockmiller v. Mayo, decided at the present term of the Court.

When a person is indicted and tried for a violation of the intoxicating liquor law as a second offender it is the safer practice, if not indeed essential, that the jury should expressly find the historical fact of a former conviction as alleged.

If the charge is the unlawful possession of intoxicating liquor for sale and that the defendant had prior thereto been convicted of a violation of the laws against the unlawful manufacture, sale, possession and transportation of intoxicating liquor and upon said conviction, had imposed upon him the judgment and sentence of the said court, the burden is upon the State under the plea of not guilty not only to establish the allegation of possession of the liquor for sale but that the former conviction was either for the manufacture, sale, possession for sale or transportation for sale, and to establish the identity of the defendant as the identical person who was convicted in the former case.

Whether a verdict of guilty is responsive to the allegations of the indictment as to the prior conviction is doubtful.

Reversed upon authority of State ex rel. Lockmiller v. Mayo, supra, and Dupree v. State, decided at present term.

Judgment reversed.

TAYLOR, C. J. AND BROWNE, J., Concur.

WHITFIELD, P. J. AND WEST AND TERRELL, J. J. Concur in the opinion.