C. F. ADKINSON, *Plaintiff in Error*, v. THE STATE OF FLOR-IDA, *Defendant in Error*.

Division B.

Decision Filed December 2, 1924.

Petition for Rehearing Denied February 2, 1925.

Where the members of the appellate court are equally divided in opinion as to whether a judgment on writ of error should be reversed 'or affirmed, and there is no prospect of a change of judicial opinion, the judgment should be affirmed, so that the litigation may not be unduly prolonged.

A Writ of Error to the Circuit Court for Walton County; A. G. Campbell, Judge.

Affirmed.

*C. R. Mathis,* for Plaintiff in Error;

*Rivers Buford,* Attorney General, and *Marvin C. Mc-Intosh,* Assistant Attorney General, for the State.

WEST, J.—The writ of error in this case brings here for review a judgment of conviction upon a charge of selling intoxicating liquors, the accused having been previously convicted of a like offense.

The evidence is ample, if competent, to sustain the charge. If the judgment is to be disturbed, it must be because of harmful error in procedure and not failure in proof. The indictment filed September 14, 1923, omitting formal parts, is as follows:

"In the Name and by the Authority of the State of Florida.

"In the Circuit Court of the First Judicial Circuit of the State of Florida, in and for Walton County, at the Fall Term thereof, in the year of Our Lord, One thousand nine hundred and twenty-three, the Grand Jurors of the State of Florida, lawfully selected, impaneled and sworn, inquiring in and for the body of the County of Walton upon their oaths as Grand Jurors, do present that C. F. Adkison on the thirteenth day of September in the year of Our Lord, One thousand, nine hundred and twenty-three, at and in the County of Walton, State of Florida, did then and there unlawfully sell, barter and exchange alcoholic and intoxicating liquor, to-wit: Rum:

"Also that the said C. F. Adkison had previously been convicted of the crime of selling alcoholic and intoxicating liquor; that is to say, he the said C. F. Adkinson, on the 24th day of July, A. D. 1921, in Walton County, Florida, before A. R. Campbell, County Judge of Walton County, State of Florida, was duly and legally convicted of the crime of unlawfully selling alcoholic and intoxicating liquor committed in the County of Walton, State of Flor-

ida, which conviction and judgment is in full force and not reversed; contrary to the form of the statute in such case made and provided and against the peace and dignity of the State of Florida.''

Two questions only need be discussed. The first is whether the proof of the alleged prior conviction is sufficient, or, stated more accurately, perhaps, whether the admission by the defendant of such prior conviction was sufficient to dispense with the necessity of producing the record of the prior judgment of conviction and proof of identity of the defendant with him who was previously convicted.

This court has recently held that in cases of this character the State should produce the record of the prior judgment of conviction in support of the allegation of the indictment. Gordon v. State, 86 Fla. 255, 97 South. Rep. 428; Norwood v. State, 80 Fla. 613, 86 South. Rep. 506. But in those cases the fact of former conviction was not admitted.

The following admission made by the defendant after arraignment during the progress of the trial was offered in evidence by the State:

''In this case the defendant admits that the County Judge's Record of Walton County shows that on the 24th day of July, 1921, that Charles F. Adkison was convicted of selling liquor in the County Judge's Court and the sale was claimed to be the 4th day of July, 1921, and that the judgment and sentence appears on page 98 of Minute Book Number 1, County of Walton, County Judge's Office, and there is no record of it having been reversed.''

The defendant could have admitted every material allegation of the indictment if he had seen fit to do so. But upon arraignment a plea of not guilty was interposed. This plea put in issue every material allegation of the in-

dictment. The admission by the defendant of the prior conviction operated to withdraw from the contested issues the allegation of the prior conviction. If the defendant could admit guilt of the crime alleged by a plea of guilty, it would seem there could be no valid objection ordinarily to an admission by him in open court of one material allegation of the indictment, leaving all others to be proved. Besides, the defendant was sworn as a witness in the trial of the case and admitted that he was convicted of "selling liquor * * about two years ago." The formal admission by defendant of the alleged prior conviction was the equivalent of proof of the fact by the record of the prior judgment of conviction, and this, with the admission by defendant that he had been previously convicted of selling liquor, was sufficient proof of the alleged former conviction and the identity of the defendant with him who was previously convicted.

The second question is involved in more difficulty. The verdict returned found the defendant guilty as charged. Is this a sufficient verdict upon which to base a valid judgment? In State ex rel. Lockmiller v. Mayo, 88 Fla. 96, 101 South. Rep. 228, the opinion is expressed that in prosecutions of a second offender for a violation under this statute the jury should be instructed that in the event of finding the defendant guilty to separately find and state their finding in the verdict whether the defendant had been formerly convicted as charged in the indictment. But the decisive question in that case was that the indictment charged no offense at all. It was not decided that a verdict which does not expressly find the former conviction alleged is fatally defective.

In this class of cases it is held that the prior conviction is a material ingredient of the aggravated offense that must be alleged and proved. People v. Sickles, 156 N. Y. 541,

51 N. E. Rep. 288; State v. Gordon, 35 Mont. 458, 90 Pac. Rep. 173. The plea of not guilty, therefore, puts in issue the allegation of the former conviction, as well as all other material allegations of the indictment.  16 C. J. 1346; State v. Gordon, *supra;* People v. Wheatley, 88 Cal. 114, 26 Pac. Rep. 95. Generally, a verdict of guilty as charged is a finding that every essential ingredient of the crime charged has been proved. Licata v. State, 81 Fla. 649, 88 South. Rep. 621. A plea of guilty in a case of this kind is a confession of the crime alleged in the indictment, including the prior conviction, and sentence is imposed as if there had been a verdict finding defendant guilty. People v. Delany, 49 Cal. 394. This is in accordance with the practice in this State.

There are cases which hold to the effect that it is necessary for the jury to find specifically on the issue of prior conviction when submitted to them under a plea of not guilty. But under the English practice and generally in this country where this rule obtains it is because of statutory requirements. State v. Smith, 129 Ia. 709, 106 N. W. Rep. 187, 4 L. R. A. (N. S.) 539, 6 Ann. Cas. 1023; People v. Eppinger, 109 Cal. 294; 41 Pac. Rep. 1037; Sweeney v. Commonwealth, 18 Ky. L. 1020, 39 S. W. Rep. 22; Herndon v. Commonwealth, 105 Ky. 197, 48 S. W. Rep. 989; Tall v. Commonwealth, 33 Ky. L. 541, 110 S. W. Rep. 425; Satterfield v. Commonwealth, 105 Va. 867, 52 S. E. Rep. 979. There are, however, decisions which seem to hold it necessary to find specifically on the issue of prior conviction, although no statute expressly requires it. Goeller v. State, 119 Md. 61, 85 Atl. Rep. 954, Ann. Cas. 1914C 562; Hall v. State, 121 Md. 577, 89 Atl. 111; State v. Findling, 123 Minn. 413, 144 N. W. Rep. 142. But in other jurisdictions verdicts of guilty as charged in such cases are held to be sufficient. Evans v. State, 150 Ind. 651, 50 N. E.

Rep. 820; Lakomy v. People (Col.) 178 Pac. Rep. 571; State v. Baldwin, 214 Mo. 290, 113 S. W. Rep. 1123.

This court is in accord generally with the holding that a plea of not guilty puts in issue every material allegation of the indictment and that a verdict of guilty as charged is a finding that every material allegation of the offense has been proved; that is to say, that every allegation necessary to the sentence and judgment authorized by law has been proved or admitted. That a finding of guilty as charged in a case of this kind is a finding against the defendant upon the material allegation of prior conviction, if put in issue by a plea of not guilty, would seem to be inescapable. But in this case the prior conviction is not in issue. And although such specific finding be considered the better practice, an omission to so find is not reversible error, where the issue upon the alleged prior conviction is not contested, but is expressly confessed in open court. Even where such specific finding is required by statute, it is held not to be necessary where such prior conviction is confessed and that a general verdict of guilty as charged is sufficient. People v. Johnson, 88 Cal. 171; People v. Brooks, 65 Cal. 295, 4 Pac. Rep. 7.

Mr. Justice Whitfield, Mr. Justice West and Mr. Justice Terrell concur herein and are of opinion that the judgment should be affirmed, while the Chief Justice and Mr. Justice Ellis and Mr. Justice Browne dissent and are of opinion that the judgment should be reversed. Therefore, the judgment is affirmed under the rule announced in State ex rel. Hampton v. McClung, 47 Fla. 224, 37 South. Rep. 51.

Affirmed.

## On Petition for Rehearing.

PER CURIAM.—A petition for rehearing suggests that contentions as to the sufficiency of the charge, as to the admissions of the defendant, and as to the form of the verdict, were overlooked. All were fully considered.

The statutes provide "that it shall be unlawful for any person * to * sell * any alcoholic or intoxicating liquors or beverages, whether spirituous, vinous or malt, except as hereinafter provided;" (Sec. 5458, Revised General Statutes, 1920) and that "any person * who having previously been convicted of the offense of * selling * any intoxicating liquors for beverage purposes * shall be deemed a second offender * and upon conviction for such second offense of * selling * such intoxicating liquors, he shall be fined," &c. Chapter 9266 Acts of 1923, amending Section 5486 Revised General Statutes. The offense is defined in Section 5458, Revised General Statutes, and not in Chapter 9266 above.

The exceptions referred to in Section 5458, Revised General Statutes, need not be negatived. Sec. 5468, Rev. Gen. Stats. 1920.

The State law does not make the element "for beverage purposes" as part of the definition of the offense of unlawfully selling intoxicating liquors. Sec. 5458 Rev. Gen. Stats.

The indictment charges that C. F. Adkinson * "did then and there unlawfully sell, barter and exchange alcoholic and intoxicating liquor, to-wit, Rum; also that the said C. F. Adkison had previously been convicted of the crime of selling alcoholic and intoxicating liquors," &c. The indictment sufficiently charges a second offense. Chap. 9266, Acts of 1923. The defendant admitted that he had been previously "convicted of selling liquor." This is per-

missible in this State though it may not be under the statutes or procedure in other States. 16 C. J. 1345.

The verdict found the defendant "guilty as charged," and the charge includes a prior conviction of a similar offense.

Rehearing denied.

TAYLOR, C. J., AND WHITFIELD, WEST AND TERRELL, J. J., concur.

ELLIS AND BROWNE, J. J., dissent.