J. E. BALLARD, *Plaintiff in Error*, v. STATE OF FLORIDA, *Defendant in Error*.

Division A.

Opinion Filed March 12, 1927.

1. Where a person is charged with the offense of selling intoxicating liquor as a second offense a verdict of "guilty as charged" is sufficiently certain to sustain a judgment of the greater offense.

2. The original record of the former conviction may be received in evidence, but it is not sufficient merely to offer *it* in evidence. It should be read to the jury and filed as part of the evidence.

A Writ of Error to the Circuit Court for Santa Rosa County; A. G. Campbell, Judge.

Judgment reversed.

*L. V. Trueman,* for Plaintiff in Error;

*J. B. Johnson,* Attorney General, and *Roy Campbell,* Assistant, for the State.

ELLIS, C. J.—The plaintiff in error was indicted for selling intoxicating liquor as a second offense, that for the

first offense he had been convicted on a plea of guilty
in the County Judge's Court. The verdict was "guilty
as charged". In a case of this kind such a verdict has
been held to be sufficiently certain to sustain a judgment
of the greater offense. See Benson v. State, 88 Fla. 103,
101 South. Rep. 231; Adkinson v. State — Fla. —, 103
South. Rep. 121.

As evidence of the former conviction the State produced
as a witness W. A. McLeod, the County Judge, who pro-
duced "Criminal Docket M". The State offered as evi-
dence of the former conviction of the defendant the record
of it as "found on page 490 of the Criminal Docket M of
the County Judge's Court". The "entire page" was
offered in evidence.

To the offer of the introduction in evidence of the County
Julge's original record of the defendant's former convic-
tion the defendant objected because it was irrelevant and
immaterial, incompetent, and not in accordance with the
method provided by statute for proof of such proceedings.
The objection was overruled. The bill of exceptions does
not show that the County Judge's record, page 490 of the
Criminal Docket "M", was either filed in the case or read
in evidence to the jury.

When the Court overruled the defendant's objection to
the evidence as offered the State Attorney merely asked the
witness if any "appeal" had been taken from the judg-
ment; whether it was in full force and if the defendant
was the person convicted. To the first question the witness
answered in the negative. The State then rested its case.
No other showing was attempted to be made of the former
conviction.

The trial judge certified that the bill of exceptions con-
tained all the evidence at the trial. There is inserted in
the bill of exceptions two pages which purport to contain
a transcript of the County Judge's Criminal Docket "M,"

page 490.   These pages, however, are not identified by any mark as indicating that they were used as evidence, nor do they contain any certificate of the County Judge that the contents is a true or correct transcript or copy of the contents of Criminal Docket M page 490.

The Court's ruling refusing to sustain the defendant's objection when the Criminal Docket itself was offered constitutes the only assignment of error.

There was no error in the ruling.   While the original was admissible, a certified copy of the entire record of conviction was also admissible.   Sec. 2718, Revised General Statutes 1920; Norwaad v. State, 80 Fla. 613, 86 South Rep. 506; 1 Greenleaf on Evidence, Secs. 483-484; Bell v. Kendrick, 25 Fla. 778, 6 South. Rep. 868.

There is, however, as pointed out, nothing to show that the record offered in evidence was actually submitted as evidence.   Neither is there anything to show that the un-certified copy of the ''Criminal Docket M page 490'' of the County Judge's Court was a substitute for the original.

The evidence was therefore lacking of a former con-viction of the defendant; so the judgment is reversed.

STRUM AND BROWN, J. J., concur.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur in the opinion.