Arthur R. Coulson, *Plaintiff in Error*, v. The State of Florida, *Defendant in Error*.

149 So. 522.

Division A.

No. 2.

Opinion filed May 22, 1933.

*W. W. Flournoy*, for Plaintiff in Error;

*Cary D. Landis, Attorney General*, and *Roy Campbell*, Assistant, for the State.

Davis, C. J.—Arthur R. Coulson, defendant below, plaintiff in error here, was indicted by the Grand Jury of Walton County for the crime of second offense liquor law violator under Section 7630 C. G. L., 5486, R. G. S. Upon writ of error he claims that the judgment and sentence imposed upon him should be reversed for the reason that his conviction was not had in accordance with the essential requirements of law, in that his alleged conviction as a first offender as laid in the indictment was not sufficiently proven.

The indictment charged the defendant Arthur R. Coulson with selling intoxicating liquors in Walton County, Florida, on the 11th day of May, A. D. 1930, and that prior to that date, to-wit: on the 17th day of June, 1929, that he had been duly convicted and sentenced for a like offense in

the County Judge's Court. The verdict of the jury was: "We the jurors find the defendant guilty as charged, R. T. King, Foreman."

In a prosecution under Section 5486 R. G. S., 7630 C. G. L., for violation of any of the provisions of the prohibition article upon a charge against the defendant as an alleged second offender, the identity of the defendant as the person so formerly convicted as alleged in the second offense indictment, must be established or the conviction for the higher offense is not authorized. Thus, it has been held by this Court, that on the trial of a person charged as a second offender, two questions, which in a sense are unrelated, are involved. The first of these is that of guilt or innocence of the offense charged in the present indictment as constituting the basis for returning it. The second is the historical fact of the alleged former conviction for the prior crime named in the indictment, coupled with proof of the identity of the present defendant as the prior convicted criminal. State ex rel. Lockmiller v. Mayo, 88 Fla. 96, 101 Sou. Rep. 228.

In the present case the verdict of the jury did not expressly *separate,* as we have held must be done, the historical fact of the defendant's former conviction as alleged. Benson v. State, 88 Fla. 103, 101 Sou. Rep. 231. A verdict of "guilty" in a case like this where more severe penalties for a second or third offense are invoked, is not regarded as responsive to the allegations of the indictment charging a given criminal act as constituting a second offense in order to lay the predicate for an increased penalty on conviction. State ex rel. Lockmiller v. Mayo, *supra.* Therefore such verdict should have been set aside on defendant's motion and a new trial awarded.

Reversed for a new trial.

ELLIS and TERRELL, J. J., concur.

Whitfield, P. J., and Brown and Buford, J. J., concur in the opinion and judgment.