ARTHUR R. COULSON, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

149 So. 521.

Division A.

No. 1

Opinion filed May 22, 1933.

*W. W. Flournoy,* for Plaintiff in Error;

*Cary D. Landis, Attorney General,* and *Roy Campbell,* Assistant, for the State.

DAVIS, C. J.—This is a writ of error prosecuted to a judgment of conviction for violation of the State prohibition laws against the sale, manufacture or possession of intoxicating liquors, second offense. See Section 7630 C. G. L., 5486 R. G. S.

The Attorney General concedes that the judgment of conviction cannot stand because the verdict of the jury is fatally defective in that it did not expressly determine separately the historical fact of the plaintiff in error's first conviction, as alleged in the Circuit Court indictment.

When a person is indicted and tried for a violation of the intoxicating liquor law as a second offender under Section 7630 C. G. L., 5486 R. G. S., the jury should expressly determine separately the question of the historical fact of the defendant's former conviction as alleged. Benson v. State, 88 Fla. 103, 101 Sou. Rep. 231. The verdict in this case is simply, "We the Jurors find the defendant guilty of first and second count James Hobbs, Foreman." We hold, in line with the case above cited and the contention of plaintiff in error, that under such a verdict no judgment of conviction for a second offense violation of the liquor law was authorized, therefore this writ of error is well taken and the judgment must be reversed and the cause remanded with directions to have such appropriate proceedings as may be in accordance with law.

Reversed and remanded with directions.

ELLIS and TERRELL, J. J., concur.

WHITFIELD, P. J., and BROWN and BUFORD, J. J., concur in the opinion and judgment.