Loy Barnhill was convicted of unlawfully selling or causing to be sold intoxicating liquor in a dry county, and he appeals.
Reversed and cause remanded.
The appellant Barnhill was tried in the Criminal Court of Record of Polk County on a criminal information charging that on November 26, 1947, in Polk County, Florida, he "did unlawfully sell or cause to be sold intoxicating liquor, which said county had voted against the sale of intoxicating liquor, wines and beer; the said Loy Barnhill having entered previously, to-wit: January 20, 1947, a Plea of Guilty and having been adjudicated to be guilty by the Criminal Court of Record of Polk County, Florida, of the Possession of Liquor for the Purpose of Sale and the Sale of Liquor, in Polk County, Florida, which said county had voted against the sale of intoxicating liquors, wines and beer * * *"
At the conclusion of the evidence in the case the jury returned the verdict "We, the jury, find the defendant, Loy Barnhill, guilty as charged in the information, so say we all;" and upon that verdict the trial court sentenced the appellant to the state penitentiary for two years at hard labor.
The appellant has taken an appeal from the judgment and sentence and contends that the verdict rendered by the jury was legally insufficient as a predicate upon which to base a valid judgment committing the appellant to the state penitentiary.
Under the beverage law of this State, it is unlawful for any person to sell or to cause to be sold, any intoxicating liquors, wines, or beer in any county that has voted against the sale of intoxicating liquors, wines or beer. Sec. 568.02, Florida Statutes 1941, F.S.A. A person who for the first time has been lawfully convicted of a violation of the beverage law is deemed, under the law, to be guilty of a misdemeanor and is liable to be punished by a fine of not exceeding five hundred dollars or by imprisonment in the county jail for not more than six months. Sec. 568.05, Florida Statutes 1941, F.S.A. However, a person who has been lawfully convicted of a violation of any provision of the beverage law and thereafter is convicted of a further violation of the beverage law, is deemed, upon conviction, to be guilty of a felony, and to be punished by imprisonment of not less than one year nor more than five years in the State penitentiary or fined not more than five thousand dollars. Sec.562.45, Florida Statutes 1941, F.S.A.
The question arising upon the appeal is whether, where a person has been charged as a "second offender" in the violation of the beverage laws of this state, a verdict of "guilty as charged in the information" is sufficiently certain to sustain a judgment imposing punishment as for the commission of a felony, under the terms of section 562.45, supra.
If this were not a case involving a second breach of the beverage laws, the verdict returned by the jury might have been sufficiently certain to support the judgment *Page 331 
appealed from. For with respect to jury verdicts in criminal cases generally the rule appears to be that while a verdict must be certain and impart a definite meaning free from ambiguity, all fair intendments should be made to sustain it. Hence, any words that convey beyond a reasonable doubt the meaning and intention of the jury are sufficient; even though it may be necessary in a given case to construe the verdict in the light of the information to determine such meaning and intention. See Henderson v. State, 55 Fla. 36, 46 So. 151; Swilley v. State,76 Fla. 535, 80 So. 310; Licata v. State, 81 Fla. 649, 88 So. 621. In such cases the verdict should be regarded from the standpoint of the jury's intention and when this can be ascertained such effect should be allowed to the findings, if not inconsistent with legal principles, as will clearly conform to their verdict. See Bunch v. State, 58 Fla. 9, 50 So. 534, 138 Am.St.Rep. 91; Yarborough v. State, 94 Fla. 143, 114 So. 237 and cases cited; Richardson v. State, 72 Fla. 154, 72 So. 665.
However, a different rule prevails in this State with respect to the requirements for certainty in verdicts rendered in cases involving second violations of the beverage laws. The rule is that where an accused is prosecuted under the "second offender" statute and the jury deems him guilty of having committed the "second offense", the verdict must find not only the guilt of the defendant as to the present violation but also the historical fact of the former conviction. If the verdict fails to comply with the rule it will not be sufficiently certain to support a judgment and sentence for a felony.
The first of the cases which stated the rule was State ex rel. Lockmiller v. Mayo, 88 Fla. 96, 101 So. 228, 231, decided in 1924. Lockmiller, a petitioner in habeas corpus, was discharged from custody under a sentence based on a judgment which, according to the opinion of this court, was void by reason of the fact that the indictment "charged no offense" under the beverage statutes and "was wholly defective as charging a second offense." In disposing of the case the court stated, in what may have been a dictum but which since has become the controlling rule: "In the trial of a person as a second offender * * * for a violation of the intoxicating liquor law * * * two questions, which in a sense are unrelated, are involved. The first is that of guilt or innocence of the offense charged * * *. The second question is the historical fact of former conviction for the crimes named, and identity of the defendant as the prior criminal.
"We are of the opunion that in such cases the jury should be instructed, in the event of finding the defendant guilty, to separately find and state their findings in the verdict whether the defendant had been formerly convicted as charged in the indictment.
"In the case of a prosecution of a second offender for the violation of the intoxicating liquor act, the charge to be tried is the manufacture, or sale, or possession for sale, or transportation for sale, of alcoholic or intoxicating liquors. If the verdict is not guilty, that, of course, is an end of the case; if it is guilty, but the jury is not satisfied of the identity of the defendant as one who had been formerly convicted, the verdict should so state, and the penalty for a first offense would be applicable; but if the jury found against the defendant also on the second proposition, it is equally important that their verdict should so state. * * * A verdict of `guilty' in such a case where penalties for a second or third offense are invoked is regarded as not responsive to the allegations of the indictment or information."
The next case was that of Benson v. State, 88 Fla. 103, 101 So. 231, also decided in 1924 and released the same day as the Lockmiller case. The record on appeal shows that Benson was indicted in two counts for unlawfully having in his possession a certain quantity of intoxicating liquors as a second offender and for unlawfully transporting such liquors as a second offender. The verdict of the jury was "We, the jury, find the defendant guilty of first count, so say we all." Upon that verdict the trial court imposed the greater penalty provided for second offenses and the defendant appealed. The indictment was found defective, as in State ex rel. Lockmiller v. Mayo, supra, and the judgment was reversed. In this case the court declared: "When a person is indicted *Page 332 
and tried for a violation of the intoxicating liquor law as a second offender, it is the safer practice, if not indeed essential, that the jury should expressly find the historical fact of a former conviction. * * * Whether a verdict of guilty is responsive to the allegations of the indictment as to the prior conviction, is doubtful."
The third case in which this court gave expression to its views was that of Coulson v. State, 110 Fla. 279, 149 So. 521, 522 decided in 1933. Coulson was prosecuted for the violation of the State prohibition laws and was found guilty. Judgment was entered and Coulson appealed from the judgment and sentence. Upon the appeal the Attorney General conceded that the judgment of conviction could not stand because the verdict of the jury was fatally defective in that it did not expressly determine separately the historical fact of the appellant's first conviction as was alleged in the circuit court indictment. Upon this appeal the court stated: "When a person is indicted for, and tried for a violation of, the intoxicating liquor law as a second offender under section 7630, Comp.Gen.Laws, section 5486, Rev.Gen.St., the jury should expressly determine separately the question of the historical fact of the defendant's former conviction as alleged. * * * The verdict in this case is simply: `We the Jurors find the defendant guilty of first and second count James Hobbs, Foreman.' We hold, in line with the case above cited and the contention of plaintiff in error, that under sucha verdict no judgment of conviction for a second offenseviolation of the liquor law was not (sic.) authorized; therefore this writ of error is well taken, and the judgment must be reversed and the cause remanded, with directions to have such appropriate proceedings as may be in accordance with law. Reversed and remanded, with directions."
The last of the cases involving the sufficiency of the verdict to sustain a judgment for the greater offense was that of Coulson v. State, 110 Fla. 281, 149 So. 522, also decided in 1933.
Coulson was indicted as a second offender of the beverage laws. The verdict of the jury was, "We the jurors find the defendant guilty as charged, R.T. King, Foreman." Upon appeal this court stated, "In the present case the verdict of the jury did not expressly determine separately, as we have held must be done, the historical fact of the defendant's former conviction as alleged. Benson v. State, 88 Fla. 103, 101 So. 231. A verdict of `guilty' in a case like this, where more severe penalties for a second or third offense are invoked, is not regarded as responsive to the allegations of the indictment charging a given criminal act as constituting a second offense in order to lay the predicate for an increased penalty on conviction. State ex rel. Lockmiller v. Mayo, supra. Therefore such verdict should have been set aside on defendant's motion and a new trial awarded. Reversed for a new trial."
Under the cases cited the rule has become established in this jurisdiction that upon the trial of a defendant for the second violation of the beverage laws of this state two different and distinct but related issues are involved. The first is that of the guilt or innocence of the defendant of the offense charged and for which he is presently on trial; the second is the historical fact of the former conviction for the crime named in the criminal accusation, and the identity of the defendant as the perpetrator. These issues must be expressly determined separately, and the jury should be advised of that fact.
For the sake of clarity it might be well to charge the jury, also, that under the applicable statutes and the indictment or information specifically containing a criminal charge as to both issues involved three forms of verdicts were possible of rendition, depending upon the evidence or lack of evidence adduced at the trial, namely:
(1) If the evidence proves beyond a reasonable doubt both issues as specifically charged in the indictment or information the defendant may be found guilty as to both issues; and in such event the verdict should contain a finding of the commission of the particular present act charged in the indictment or information under which the defendant is then on trial and also a further separate finding of the prior conviction of the defendant of a violation of the beverage laws, as also charged in the indictment or information. *Page 333 
(2) If the evidence satisfies the jury beyond a reasonable doubt of the guilt of the defendant as to the present violation of the beverage laws charged in the indictment or information, but leaves doubt in the minds of the jury as to the prior conviction charged, the defendant may be found guilty on the first issue and not guilty as to the second; and in such an event the verdict should find the defendant guilty of the present violation but not guilty as to the prior conviction.
(3) If the evidence fails to satisfy the jury beyond a reasonable doubt as to whether the defendant is guilty of the present violation charged, the defendant should be found not guilty as to the whole charge.
If the jury returns the first verdict suggested above, the entry of a judgment and the imposition of a sentence for a felony would be authorized under section 562.45, supra. If the second suggested verdict is returned, a judgment and penalty as for a misdemeanor would be proper. If the finding of the jury should be "not guilty", that, of course, would be the end of the matter and the defendant would be entitled to his discharge.
It may be well, in closing to call attention to Adkison v. State 88 Fla. 359, 103 So. 121, and Ballard v. State, 93 Fla. 516, 112 So. 47. At first reading these decisions may appear to be in conflict with the views expressed in this opinion. A study of the Adkison case will reveal that the question of "prior conviction" was not properly an issue in that case; the defendant having confessed in open court his conviction for the prior offense. In Ballard v. State some incorrect expressions appear as respects the sufficiency of a general verdict to sustain a charge of "second offense". The judgment appealed from was reversed because of lack of evidence to sustain the charge of "prior conviction" and we do not regard the question of the sufficiency of the verdict to have been a real issue in the case.
The Attorney General makes the contention that the rule of Coulson v. State, supra, is not applicable on this appeal because the statute upon which the rule was based was entirely different from the statute in question in the present case. We find no merit in this contention. Though the language used in the two statutes may vary in some particulars, we think that the statutes are substantially alike in principle and that the rule laid down under the statute in existence when Coulson v. State was decided is applicable to prosecutions arising under our present beverage laws.
It follows that the judgment appealed from must be reversed and the cause remanded for a new trial as to both issues.
It is so ordered.
ADAMS, C.J., and TERRELL, CHAPMAN and THOMAS, JJ., concur.
HOBSON, J., concurs specially.
BARNS, J., dissents.