PER CURIAM.
Appellant, Alex Barton, a/k/a Ellis, was charged in two informations filed by the county solicitor of Hillsborough County with selling cannabis, commonly known as marijuana, in violation of Section 404.02, Florida Statutes, F.S.A., of the Florida Drug Abuse Law.
One information, an amended direct information, charged appellant with selling marijuana to a person under 21 years on February 10, 1972. It was alleged in said information that appellant had been convicted on November 3, 1969, of the offense of possession of marijuana pursuant to Section 398.03, Florida Statutes, F.S.A., of the Uniform Narcotic Drug Law.
The other information, a second amended direct information, charged appellant with selling marijuana to a person under 21 years on February 26, 1972. This information alleged therein the. same prior conviction as did the first amended direct information.
Barton entered a plea of not guilty to each offense, was tried and found guilty by a jury, and sentenced as a subsequent offender for a period of 30 years on each offense, said sentences to run concurrently.
Appellant filed a motion for new trial which the trial judge denied after hearing.
Notice of Appeal was filed in this court to review the judgment and sentence. Appellant was represented very ably by an assistant public defender in the trial court. He is being represented in this court by an attorney from that office.
We specify that the grounds raised by appellant on this appeal were argued before the trial court at the hearing on appellant’s motion for new trial and were decided by the court adversely to the appel *301 lant. We agree with this ruling by the learned trial judge.
We have carefully considered the grounds relied on by appellant for reversal in the light of the record and briefs, oral argument having been waived by the parties, and we find no reversible error shown. The record discloses that the case was vigorously and fairly tried and that the verdicts are amply supported by the evidence. The rulings of the trial court challenged by the appellant did not on the record and under the law as we comprehend it constitute reversible error.
The judgment and sentence appealed is therefore,
Affirmed.
MANN, C. J., and HOBSON and BOARDMAN, JJ., concur.