BOYD, Justice.
This cause is before us on petition for writ of certiorari to review the decision of the District Court of Appeal, Second District, reported at 275 So.2d 300. Conflict has been alleged between the decision sought to be reviewed and Barnhill v. State,[1] Benson v. State,[2] and State ex rel. Lockmiller v. Mayo.[3] The petition for writ of certiorari reflected apparent jurisdiction in this Court. We issued the writ and have heard argument of the parties. Upon further consideration of the matter, we have determined that the cited decisions present no direct conflict as required by Article V, Section 3(b)(3), Constitution of the State of Florida, F.S.A. The writ must be, and hereby is, discharged, for reasons which will be set out below.
The facts of the case are as follows:
Petitioner was charged, in two informa-tions, with the sale of marijuana on February 10, 1972,[4] and February 26, 1972[5] to a person under the age of twenty-one years in violation of Section 404.02, F.S.A., Florida Statutes. Both informations alleged the same prior conviction of Petitioner on November 3, 1969, for possession of marijuana in violation of Section 398.03, Florida Statutes, F.S.A. Petitioner entered a plea of not guilty to both charges, and was tried by a jury. The State, at trial, introduced the record of Petitioner’s prior conviction, and Petitioner stipulated thereto.
*588 At trial, the judge instructed the jury on information No. 1954 — B that:
. . you must further find that this defendant, Alex Barton, has previously been convicted of a violation of the drug laws of this state as alleged in this Information. That is, that he was convicted of the offense of possession of marijuana under section 398.03 of the Florida Statutes on the 3rd day of November, 1969, in this Criminal Court of Record in Hillsborough County, Florida.” (Emphasis supplied.)
Similar language was used in the instruction on information No. 1431-B.
The same jury returned the following verdict, which was essentially identical to the verdict on information No. 1431-B.
“We, the jury, find the defendant, Alex Barton, also known as Ellis, guilty as charged in the Information #1954. So say we all.” (Emphasis supplied.)
Based upon the jury verdicts, Petitioner was sentenced as a subsequent offender to thirty years on each offense, to run concurrently, with credit for jail time served, pursuant to Sections 404.15 and 775.-082(4) (a), Florida Statutes, F.S.A. Petitioner filed a motion for new trial, which was denied after hearing.
Petitioner then appealed to the District Court of Appeal, Second District, which affirmed the trial court, finding no reversible error, and finding the verdicts amply supported by the evidence. We agree with the District Court.
The sole issue to be decided herein is whether a jury verdict which fails to separately find and state that the defendant was formerly convicted as charged is sufficient for judgment and sentence as a subsequent offender of the Florida Drug Abuse Law. Under the facts of this case, we find that it is.
Section 404.15, Florida Statutes, F.S.A., the Florida Drug Abuse Law, provides, in part:
“(3) If the offense consisted of the delivery of any drug controlled by this chapter to a person who had not attained the age of twenty-one years at the time of such offense, the offender, upon conviction, shall be punished as follows:
******
“(b) If the offender has been previously convicted of any offense under chapter 398 or chapter 404 at the time of the commission of the offense of delivery under this section, he shall be guilty of a felony of the first degree, punishable as provided in § 775.082, § 775.083, or § 775.084; and the imposition of the sentence shall not be suspended or deferred, nor shall the person so convicted be placed on probation.”
The penalty upon conviction for a felony of the first degree is provided for in Section 775.082, Florida Statutes, F.S.A., as follows:
“(4) (a) For a felony of the first degree, by a term of imprisonment in the state penitentiary not exceeding 30 years or, when specifically provided by statute, by imprisonment in the state penitentiary for a term of years not exceeding life imprisonment.”
Petitioner has pointed out that the law in Florida is well settled, with respect to conviction and sentence as a subsequent offender of the intoxicating liquor laws, and in such cases, the jury must make separate findings and state in the verdict whether the defendant had been formerly convicted of a violation of the liquor laws as charged in the information or indictment. We, of course, find no distinction between the due process requirements due those persons charged and convicted of subsequent violations of the liquor laws and those charged and convicted of subsequent- violations of the drug laws, pursuant to the foregoing statutes. Both situations may result in a greater and more severe punishment for the subsequent conviction and thus the constitutional safeguards must be the same.

*589
The instant case, however, is distinguishable from those cited for conflict, because, as previously noted, Petitioner stipulated, at trial, to his prior conviction. And, after this stipulation, there was simply no issue on this point to be resolved by the jury. Therefore, the jury’s finding of guilty “as charged” was sufficient, in light of the fact that Petitioner was charged in the in-formations as a second offender,

[6]

 and had stipvilated to his prior conviction in open coiirt.

Accordingly, no direct conflict having been demonstrated, the writ must be, and hereby is, discharged.
It is so ordered.
ADKINS, C. J., and ROBERTS, DEK-LE and CARLTON (Retired), JJ., concur.
ERVIN, J., dissents with opinion.

. 41 So.2d 329 (Fla.1949).

. 88 Fla. 103, 101 So. 231 (1924).

. 88 Fla. 96, 101 So. 228 (1924).

. “E. J. SALCINES, County Solicitor of the Thirteenth Judicial Circuit in and for the County of Hillsborough, CHARGES that ALEX BARTON, a/k/a ‘ELLIS’ on the 10th day of February, 1972, in the County of Hillsborough and State of Florida, did unlawfully and feloniously sell to one DANIEL OATES, who had not attained the age of twenty-one (21) years at the time of such offense Cannabis, commonly known as Marijuana, a further description of which is to the County Solicitor unknown,
“The said ALEX BARTON, a/k/a ‘ELLIS’, previously having been convicted of the offense of Possession of Marijuana, pursuant to Florida Statute 398.03 on the 3rd day of November, 1969, in the Criminal Court of Record of the County of Hillsborough and State of Florida.” Amended Direct Information, Case No. 1954-B.

.“E. J. SALOINES, County Solicitor of the Thirteenth Judicial Circuit in and for the County of Hillsborough, CHARGES that ALEX BARTON, a/k/a ‘ELLIS’, on the 26th day of February, 1972, in the County of Hillsborough and State of Florida, did unlawfully and feloniously sell to one DANIEL OATES, who had not attained the age of twenty-one (21) years at the time of such offense, Cannabis, commonly known Mari-' juana, a further description of which is to the County Solicitor unknown,
“The said ALEX BARTON, a/k/a ‘ELLIS’, previously having been convicted of the offense of Possession of Marijuana, pursuant to Florida Statute 398.03 on the 3rd day of November, 1969, in the Criminal Court of Record of the County of Hillsborough and State of Florida.” Second Amended Direct Information, Case No. 1431-B.

. See notes 4 and 5, supra.