ERVIN, Justice
(dissenting) :
I find no legal basis for distinguishing the cases cited for conflict from the instant decision in the District Court.
The stipulation by the Petitioner, Alex Barton, agreeing that he had been previously convicted of possession of marijuana as charged in Information # 1954, should not be equated with a jury’s specific finding to the same effect.
In line with the cases cited for conflict, the jury was instructed by the trial judge on Information # 1954 that it
“must find that this defendant, Alex Barton, has previously been convicted of a violation of the drug laws of this state as alleged in this information. That is, that he was convicted of the offense of possession of marijuana under Section 308.03 [398.03] of the Florida Statutes, on the 3rd day of November 1969 in this Criminal Court of Record in Hills-borough County, Florida.” (Emphasis supplied.)
The jury merely found the defendant “guilty as charged in the Information # 1954.”
Based upon this verdict Barton was sentenced as a subsequent offender to thirty years imprisonment.
In State ex rel. Lockmiller v. Mayo, 88 Fla. 96, 101 So. 228 (1924), this Court interpreted the subsequent offender laws to apply to any crime, and also held that the jury should be instructed to “separately find and state their findings in the verdict whether the defendant had been formerly convicted as charged in the indictment.” (Emphasis supplied.)
In Benson v. State, 88 Fla. 103, 101 So. 231 (1924), a reversal resulted because there the jury verdict was:
“We, the jury, find the defendant guilty of the first count; so say we all.”
Therein we said:
“When a person is indicted and tried for a violation of the intoxicating liquor law as a second offender, it is the safer practice, if not indeed essential, that the jury should expressly find the historical fact of a former conviction as alleged. (Emphasis supplied.)
******
“Whether a verdict of guilty is responsive to the allegations of the indictment as to the prior conviction is doubtful.” Supra at 231.
If any doubt remained regarding the rule expressed in Lockmiller and Benson, it was resolved by our holding in Barnhill v. State, Fla.1949, 41 So.2d 329, wherein Barnhill was convicted and sentenced as a subsequent offender of the liquor laws. *590 The language in the jury verdict was almost identical to that in the instant case. In restating the rule, and in remanding for a new trial, we emphasized that the above-quoted language in Lockmiller “may have been dictum but [has since] become the controlling rule.” Supra 41 So.2d at 331. The courts have since consistently followed this rule. See Langford v. State, 111 Fla. 506, 149 So. 570 (1933); Coulson v. State, 110 Fla. 279, 149 So. 521 (1933); Clark v. State, 239 So.2d 500 (Fla.App.2d 1970), and Polston v. State, 137 So.2d 602 (Fla.App.2d 1962).
According to the rationale of the cited cases, it is not sufficient to find a defendant guilty of a previous offense by mere reference to language in an information.
The jury in the instant case did not follow the trial judge’s instruction that it separately find and deliberately state in its verdict that the defendant Barton had been previously convicted of possession of marijuana as charged in Information # 1954. For aught that appears in the record, except by doubtful inference, the jury may have concluded that it would exercise by way of leniency its unfettered discretion not to expressly state in its verdict that the petitioner was guilty as a former offender despite his stipulation. It is well known that juries sometimes refuse to follow a trial judge’s instructions and the state’s evidence, even though the guilt of the defendant appears at trial to be beyond peradventure of a doubt. The courts are not at liberty to judicially find and extrapolate as if they were jurors what a jury factually did not find. Thirty years is a very long sentence in a case of this kind. A deliberate, unmistakable verdict in complete accord with controlling law should have been entered by the jury as necessary predicate to so long a sentence. The Petitioner is entitled to the benefit of the doubt, similarly to that accorded Benson and other defendants in the cited cases when the jury did not expressly state he was a previous offender in its verdict.