RAWLS, Acting Chief Judge
(dissenting).
In Barnhill, supra, the Supreme Court quoted with approval the rule stated in Coulson v. State, 110 Fla. 281, 149 So. 522 (1933), viz:
“. . . ‘In the present case the verdict of the jury did not expressly determine separately, as we have held must be done, the historical fact of the defendant’s former conviction as alleged. Benson v. State, 88 Fla. 103, 101 So. 231. A verdict of “guilty” in a case like this, where more severe penalties for a second or third offense are invoked, is not regarded as responsive to the allegations of the indictment charging a given criminal act as constituting a second offense in order to lay the predicate for an increased penalty on conviction. State ex rel. Lockmiller v. Mayo, supra [101 So. 228 (Fla.1924)]. Therefore such verdict should have been set aside on defendant’s motion and a new trial awarded. Reversed for a new trial.’ ”
and squarely held that a verdict such as the instant one must be set aside. The state contends, first, that since Spadaro did not object to the form of the verdict prior to the jury’s initial release, he waived any objection as to form, citing this court’s opinion in Whilden v. State, 301 So.2d 35 (1 Fla.App.1974),[1] and the Supreme Court’s opinion in State v. Jones, 204 So.2d 515 (Fla.1967). In Whilden, this court observed that defense counsel affirmatively stated that he had no objection to the form of the verdict and that the verdict was in such a form that a lesser included offense could be ascertained. Such construction cannot be applied here. Jones involved the question of alleged improper comments by the state attorney in his argument to the jury and likewise, is not applicable.
Washington v. State, 55 Fla. 194, 46 So. 417 (1908), is applicable.[2] There, the court stated:
“. . . When the court comes to pronounce sentence, there ought to be no uncertainties about the offense of which the prisoner is guilty. Mr. Bishop says: ‘As already intimated, there ought never to be a defect in the verdict. If the jury bring in a defective verdict, it is in the power equally of the prisoner and the prosecuting attorney to have it set right; and, suppose the prisoner chooses not to interfere, and suffers a defective verdict to be entered, as his interest would always prompt him to do, in preference to a verdict of guilty in due form, he, by thus failing to interpose, waives his objection to be [sic] put a second time in jeopardy for the same offense [sic]. *113 In all such cases, therefore, the verdict is simply set aside as a nullity, and new trial is ordered. The court cannot, instead of this, make the verdict, or the judgment, what it thinks it ought to be.’ 1 Bishop’s Cr.Proc. § 1016 [2 ed. (1872) at 631].”
The state’s position is that the “second” jury verdict cured any defects contained in the initial verdict. Such contention cannot withstand the long established and well-honored rule of law that upon discharge, the members of a jury lose their separate identity as a jury and can be affected by extra-trial influences. State v. Smith, 183 So.2d 34 (2 Fla.App.1966), and Smith v. State, 330 So.2d 59, Fla.App., Opinion filed April 13, 1976, not yet reported.
I would reverse with directions that a new trial be granted.

. cf. Lindsey v. State, 330 So.2d 867, Fla.App., opinion filed ,April 28, 1976, not yet reported.

. See also Vogel v. State, 124 Fla. 409, 168 So. 639 (1936).