PER CURIAM.
Brown appeals his conviction for petit larceny under Section 812.014(2)(c), Florida Statutes (1977) under which his crime was punishable as a third degree felony because of two prior petit larceny convictions. Brown argues that the reading of the information containing references to the prior convictions and the proof of these convictions offered at trial, constituted fundamental error and that, therefore, although objection was not made in the trial court the appellate court should reverse. We disagree.
In State v. Harris, 356 So.2d 315 (Fla.1978) the Supreme Court, in considering the constitutionality of Section 812.021(3), ruled the statute constitutional but inferred that it would be constitutional error to follow the procedure previously approved in Nichols v. State, 231 So.2d 526 (Fla.2d DCA 1970), which was the same procedure followed sub judice. However, in Clark v. State, 363 So.2d 331 (Fla.1978), the Supreme Court stated:
*788 “[E]ven constitutional errors, other than those constituting fundamental error, are waived unless timely raised in the trial court. Sanford v. Rubin, 237 So.2d 134 (Fla.1970). ‘Fundamental error’, which can be considered on appeal without objection in the lower court, is error which goes to the foundation of the case or goes to the merits of the cause of action. An improper comment on defendant’s exercise of his right to remain silent is constitutional error, but it is not fundamental error. Cf. Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); Doyle v. Ohio, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976).”
We find that the error below, not preserved for review, is no more serious than a comment on silence. Clark, supra. Therefore, we decline to hold that fundamental error occurred because of the procedure utilized. The evidence was sufficient to sustain the conviction for the third petit larceny.
AFFIRMED.
McCORD, C. J., and ERVIN and MELVIN, JJ., concur.