## JOSEPH GOELLER *vs.* STATE OF MARYLAND.

*Criminal law: second offence; heavier penalty; indictment.*
*Declaration of rights.*

Where a penal statute provides a heavier punishment for a traverser convicted of its violation a second time, in order so to convict for such second offence the indictment must aver that the offence charged is a second offence.          p. 65

The Act of 1908, Ch. 179, providing that persons convicted a second time for the violation of the liquor laws of Baltimore county shall pay a heavier fine than for a conviction of a first offence and providing that the Court may determine the fact as to the prior conviction of such an offence by consulting the Court docket is unconstitutional.          p. 65

Under Art. 21 of the Declaration of Rights, every man has the right in all criminal proceedings against him to be informed of the accusation; the information so guaranteed is not to be conveyed by word of mouth or by any other means that by a copy of the indictment or charge under which he is to be tried; and he must be informed of the whole charge and not of a part only.          p. 65

*Decided November 20th, 1912.*

Appeal from the Circuit Court for Baltimore County (Duncan, J.).

The facts are stated in the opinion of the Court.

The cause was argued before Boyd, C. J., Briscoe, Pearce, Thomas, Pattison and Urner, JJ.

*Wm. H. Lawrence* (with whom was *John D. Duncan, Jr.,* on the brief), for the appellant.

*Edgar Allan Poe, the Attorney-General,* for the appellee.

PEARCE, J., delivered the opinion of the Court.

The appellant was indicted in the Circuit Court for Baltimore County for selling liquor on Sunday, and, upon conviction, was sentenced to pay a fine of $200 and his license was suppressed. The docket entry was as follows:

"Feby. 28th, 1912. It appearing to the Court upon an inspection of the dockets of the Court, and on evidence, that this is a second conviction under the license issued May 1st, 1911, the sentence of the Court is that the traverser pay a fine of $200 and costs, and that his license be and it is suppressed."

There are two counts in the indictment, but in neither is it averred that the offence charged was a second offence, which fact, if relied on as affecting the punishment, it was determined in *Maguire* v. *The State,* 47 Md. 496, must be averred in the indictment as the law then stood.

Chapter 179 of the Acts of 1908 regulating the sale, and granting of licenses for sale, of spirituous and fermented liquors in Baltimore County provides in sec. 14, that: "If any person having a license under the provisions of this Act, shall violate any of the provisions of this Act, upon conviction thereof, except in the cases enumerated in the next preceding and succeeding sections, he shall pay a fine of not less than $100, nor more than $200, and on conviction a second time, which fact the Court may ascertain from the dockets of the Court, in connection with evidence, he shall pay a fine of $200, and his license shall be suppressed."

This Act appears to have been passed to meet cases of a second offence, where, from ignorance of the fact, or inadvertence in drawing the indictment, that fact is not averred in the indictment. The record has been brought here as upon writ of error to determine the validity of sec. 14 of

Ch. 179 of 1908, and the petition designates the following points of law by the decision of which the appellant feels aggrieved:

"*First*—That the Court gave judgment directing, in addition to the other penalty imposed, that his license to engage in the liquor business be suppressed.

"*Second*—That by such judgment the Court determined that he was guilty of a second or subsequent offence, of the character charged against him, and liable to the aggravated penalty therefor.

"*Third*—That in thus giving judgment and determining, the Court imposed upon him a punishment for matter of which he did not stand accused by the indictment presented against him, nor established by the verdict upon said indictment.

"*Fourth*—That in this manner he was deprived of his legal and constitutional right to be informed of the nature and cause of the accusation against him."

The first, second and third of these points state facts apparent upon the face of the record, and thereby raise the question for decision, viz., whether he was thus deprived of his constitutional right under Article 21 of the Maryland Declaration of Rights, which, among other things, declares, "that in all criminal prosecutions, every man has a right to be informed of the accusation against him"; and "to have a copy of the indictment, or charge, in due time, if required, to prepare for his defence." The information hereby guaranteed to him is not to be conveyed by word of mouth, nor by any other means than by "a copy of the indictment or charge," or *accusation,* upon which he is to be tried, and it is a guarantee that he must be informed of the *whole* charge or accusation against him, and not of *a part only.* The reason for this is given in the same article of the Declaration of Rights, viz., "to prepare for his defence," and this he cannot do without a full knowledge, both of every element of the offence charged, and of the penalty or penalties to which he may be subjected in event of conviction.

Mr. Bishop, in his *New Criminal Procedure,* has treated more fully, perhaps, than any other legal writer, the principles which underlie the authorities upon this question. In Vol. 1, sec. 77, he says: "Every wrongful fact, with each particular modification thereof, which, in law is required to be taken into account in determining the punishment upon a finding of guilt must be alleged in the indictment. This doctrine is fundamental. Originating in natural reason and abstract justice *it has been adopted into the common law and confirmed by our written constitutions.*" * * * "An indictment which does not substantially set down all the elements of the offence, every act or omission which the law has made essential to the punishment it imposes, is void." *Idem,* sec. 98A. * * * "An accusation is nothing unless it specifies in some way *the whole wrong* for which the punishment is to be inflicted." *Idem.* sec. 87. * * * "A statute having made a second offence punishable more heavily than the first, it was held not to be unconstitutional when it provided a short form of stating the first offence and conviction in the second indictment, and adding, 'and such allegation may be amended without terms and as a matter of right'; but an *entire omission to aver the former offence, or conviction for it, cannot be authorized.*" *Idem.* sec. 101, sub-sec. 2. This doctrine is consistently sustained in a line of Massachusetts decisions. *Comm.* v. *Phillips,* 16 *Pick.* 213; *Comm.* v. *Wood,* 4 Gray, 11; *Comm.* v. *Lang,* 10 Gray, 11, and in other Courts, as in *State* v. *Startup,* 10 Vroom, 432; *Riggs* v. *State,* 104 Ind. 261, and *Williams* v. *State,* 12 Tex. Appeals, 395. The Twelfth Article of the Declaration of Rights of Massachusetts provides "that the offence must be fully and plainfully, substantially and formally described to the accused," and construing that article, the Supreme Court of Massachusetts held in *Comm.* v. *Harrington,* 130 Mass. 35, that a statute permitting an increased penalty without alleging that prior conviction in the indictment, to be in conflict with that article of the Declaration of Rights of that State; and the Supreme Court of Maine in *State* v. *Learned,* 47 Maine,

426, held that the Legislature cannot validate an indictment which does not fully and formally inform the accused of the accusation against him. In *Cyc.* Vol. 22, page 285, the law is stated thus: "It is within the power of the Legislatures under such a constitutional provision to prescribe the form of the indictment or information, and such form may omit averments regarded as necessary at common law; but the Legislature, while it may simplify the form of an indictment or information, cannot dispense with the necessity of placing therein a distinct presentation of the offence, containing allegations of all its essential elements." This Court has said in *Maguire* v. *State, supra,* "that if the party be proceeded against for a second or third offence under the statute, and the sentence prescribed be *different* from the *first,* or severer, by reason of its being such second or third offence, the fact thus relied on must be averred in the indictment, for the settled rule is that the indictment must contain an averment of every fact essential to justify the punishment inflicted. *Rex* v. *Allen,* Russ. & R. 513; *Regina* v. *Page,* 9 C. & P. 756; *Reg.* v. *Willis,* L. R. 1, C. C. 363; *Plumbly* v. *Com.,* 2 Metc. 413; 3 *Wharton's Crim. Law,* sec. 3417; 1 *Bishop's Crim. Law,* secs. 961 and 963." The Court did not there specifically allude to the Declaration of Rights we are now considering, but it relied upon the common law doctrine, which, as Mr. Bishop notes, has been adopted and written into the organic law embodied in our Constitution, thereby disabling the Legislature from depriving by statute any person from the protection of the Constitution.

In *Maguire's Case, supra,* on page 498, JUDGE ALVEY said: "The authorities are clear to the effect that in order to justify a sentence as for a second offence, it must appear by the verdict that the jury have found the party guilty of such second offence. *Thomas' Case,* 22 Grat. 912; *3rd Wharton's Crim. Law,* sec. 3418; 1 *Bishop's Crim. Law,* secs. 961-963."

In *Maguire's Case,* no judgment had been entered in the Court below and the case came up on exceptions to the rulings

of the Court in allowing the State's Attorney to read to the jury that part of the indictment which contained the allegation of a former conviction under the statute, in his opening statement, and to the admission in evidence of the docket entries of the proceedings on the former indictment, the ground of the objection being that the fact of prior conviction of a similar offence should not be allowed to influence the mind of the jury until after a conviction of the particular offence for which the party was then on trial, and that if he should be found guilty, the jury should then be required to pass upon the fact of the alleged former conviction, and the identity of the accused. But the rulings appealed from were affirmed, and the Court said the course of procedure suggested by the appellant was not in accordance with the established practice in such cases. In closing that opinion the Court said: "We thus notice the verdict in order to avoid a possible error in the rendition of the judgment" (on the remand of the cause), meaning thereby that as a general verdict only had been rendered, and it was too late to amend it, so to embrace also a finding on the previous conviction and thus make a specific verdict as for a second offence, the only judgment that could be entered on the verdict as rendered was as for a first offence. In this case the verdict of the jury was a general verdict only of guilty, and as the result of the reasoning in the *Maguire Case,* it was error in this case to render a judgment as for a second offence. To the argument of the learned Attorney General, citing *Mr. Bishop's New Crim. Law,* Vol 1, sec. 961, "that there is no reason why the law should not, as in some localities it does, permit this matter to be omitted from the indictment until the prisoner has been convicted of the offence itself, and then be brought forward in some proper manner in aggravation of the punishment," it must be answered that Mr. Bishop must be presumed to refer to jurisdictions where the organic law did not forbid such legislation. Otherwise there would be direct conflict between that passage, and his repeated and emphatic declarations heretofore cited in this

opinion.   In the foot note to the passage cited he refers to
only two cases in California and Louisiana, viz., *People* v.
*Meyer,* 73 Cal. 548, and *State* v. *Hudson,* 32 La. An. 1052.
Reference to the Constitution of these States discloses that
in neither Constitution is found the requirement of our own,
or any equivalent or similar language, but a total silence
upon that subject.

The only other case we have found which apparently sus-
tains the appellee's contention here is *State* v. *Freeman,* 27
Ver. 523, which was a prosecution for violation of the liquor
law.   It was there held that a statute which provided that a
former conviction need not be averred in the indictment
was valid, though the Bill of Rights in one section contains
substantially the same language in this respect as our own,
but the decision was placed upon the significant ground that
a later section of the Declaration of Rights dispensed with
the requirement of the former section as to minor offences
affecting police regulations.

It may safely be declared, therefore, that if our Declara-
tion of Rights requires *all* former convictions to be alleged
in the indictment there is *no other proper* manner, in which
*any* former conviction can be brought forward in aggrava-
tion of the punishment, and JUDGE ALVEY in fact has so
declared in *Maguire's Case* in saying that very course of
procedure was not in accord with the established practice in
such cases; and it could not be, if, as he had also said, the
previous conviction must be alleged in the indictment.

In the case before us we have the anomaly pointed out by
JUDGE ALVEY in *Maguire's Case, supra,* viz., a divided ver-
dict, part rendered by one tribunal and part by another.
The jury demanded by the traverser, and empanelled to try
every issue involved, passed upon a single issue only, the
fact of the sale charged in the indictment, while the Court
passed upon another issue, the fact of a conviction of a
previous similar offence, an issue vitally involved under the
Act in question; so that one fact in issue is found by the
verdict of the jury, and another fact in issue is found by

the Court in its sentence, not it is true in the professed form of a verdict, but of the essence of a verdict.

It is to be regretted that this Act should be stricken down, but no consideration can justify a Court in depriving a violator of law of a right guaranteed by the Constitution to such violator. Without the Act, the evils it seeks to correct can be effectually reached if State's Attorneys will be vigilant to ascertain from the records of the Court before drawing indictments whether the party charged has been previously convicted of a similar offence. A very simple method would be to procure a list of convictions of licensed liquor sellers, which could be furnished with little trouble or cost, and be brought up to date after every term of Court.

Even if we were able to sustain this Act, the judgment in this case would necessarily be reversed because of the defect in the verdict, which as pointed out in the *Maguire's Case* would only permit a sentence as for a first offence.

Nothing that we have said herein is to be understood as applicable to the imposition of a penalty in any case not arising under a statute of the character before us.

> *Judgment reversed, with costs to the appellant above and below, and the case remanded for the entry of a proper judgment, as for a first offence, as provided in sec. 81 of Art. 5 of the Code of Public General Laws.*