## FRANCES F. HALL

*vs.*

## STATE OF MARYLAND.

*"Second offense":  indictments;  what must contain;  statutes;
construction;  valid in part.   Liquor Laws: Chapter
179 of Acts of 1908;  Goeller v. State,
119 Md. 61, explained.*

If a party be indicted on the charge of the commission of a
"second offense," and the sentence prescribed is different from
or severer than that for a first offense, the indictment must set
out the former conviction, and the jury, by their verdict, must
find the traverser guilty of such second offense before the pen-
alty therefor can be imposed.                              p. 580

An indictment must contain an averment of every fact essen-
tial to justify the punishment inflicted.                  p. 580

In general, an averment of a prior conviction can only be
sustained by the production of the record, or its duly authenti-
cated copy, and by proof as to the identity of the person on
trial with the one described in the former trial.          p. 580

A mere averment of a former conviction does not charge an
offense.                                                   p. 580

An indictment charging the accused with the sale of liquor
in violation of section 14 of Chapter 179 of the Acts of 1908
contained, in relation to a former conviction, the allegation
that on a day certain at the September Term of a certain
Court, "one F. F. H., etc., having a license to sell * * * liquors,
under the provisions of Chapter 179 of the Acts of 1908, was
indicted * * * in said County for the unlawful sale of * * *
on the 28th day of July, 1912, and on the 11th of November,
1912, at a session of said Court, under the said indictment,
* * * the said F. F. H. was convicted and judgment entered
that the said F. F. H. pay a fine of $200 and costs * * * as by
the record * * * will more fully * * * appear"; *held,* that the

allegations as to the prior offense and conviction were as full as need be. p. 581

A statute may be good in part, while other parts are invalid; and portions of one section may be valid, while others are invalid. p. 582

The scope and report of *Goeller* v. *State,* 119 Md. 61, is merely to declare unconstitutional that portion of section 14 of Chapter 179 of the Acts of 1908, which authorizes the Judge to ascertain from the documents of the Court, in connection with the evidence, whether the party accused of violating the provisions of that statute by the sale of liquor on Sunday, etc., had already been indicted and convicted for other such violations of the Act; and the decision does not affect the constitutionality of the Act as a whole. p. 582

*Decided November 12th, 1913.*

Appeal from the Circuit Court for Baltimore County (DUNCAN, J.).

The facts are stated in the opinion of the Court.

The cause was submitted to BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*Edward L. Ward* submitted a brief for the appellant.

*Edgar Allan Poe, The Attorney-General,* submitted a brief for the appellee.

BURKE, J., delivered the opinion of the Court.

The appellant was indicted, tried and convicted in the Circuit Court for Baltimore County for the sale of beer on Sunday, and was sentenced to pay a fine of $200.00 and costs, and her license was suppressed. She demurred to the indictment, and also filed a motion in arrest of judgment. The demurrer and motion in arrest were overruled, and the record before us has been brought here by her appeal from the judgment.

The Act of 1908, Ch. 179, p. 564, regulates the sale and granting of licenses for the sale of spirituous and fermented liquors in Baltimore County. It is provided by section 14 of that Act: "If any person having a license under the provisions of this Act, shall violate any of the provisions of this Act, upon conviction thereof, except in the cases enumerated in the next preceding and succeeding sections, he shall pay a fine of not less than $100.00, and no more than $200.00, and on conviction the second time, which fact the Court may ascertain from the dockets of the Court in connection with evidence, he shall pay a fine of $200.00, and his license shall be suppressed."

The appellant asks a reversal of the judgment for two reasons: First, because of the insufficiency of the indictment; and, secondly, because section 14 of the Act, under which the fine was imposed and the license suppressed, is unconstitutional and void. The indictment contains one count only, and the offense charged is alleged to be the second committed by the traverser under the statute. The statute imposes a severer punishment, viz., the suppression of the license for a second offense against its provisions, than that imposed for the first offense. The portion of the indictment which set out the former indictment and conviction is as follows:

"The jurors of the State of Maryland, for the body of Baltimore County, on their oath present that heretofore, to wit, at the September Term of the Circuit Court for Baltimore County, in the year of our Lord one thousand nine hundred and twelve, one Frances F. Hall, late of said County, having then and there a license to sell spirituous and fermented liquors under the provisions of the Act of Assembly of Maryland of 1908, Chapter 179, was indicted by the Grand Inquest of the State of Maryland, in and for Baltimore County, for the unlawful sale of a certain quantity of fermented liquors, to wit, beer, to a certain Ferdinand Groshaus, on the Sabbath Day, commonly called Sunday, to wit, on the twenty-eighth day of July, in the year of our Lord one thousand nine hundred and

twelve; and that on the eleventh day of November, in the year of our Lord one thousand nine hundred and twelve, at a session of the said Court, the Circuit Court for Baltimore County, upon the indictment aforesaid, the said Frances F. Hall, was convicted, and judgment was entered by the Court that the said Frances F. Hall pay a fine of two hundred dollars and costs; as by the record thereof will more fully and at large appear; which judgment still remains in full force and effect, and not in the least reversed or made void."

It is contended by the appellant that these allegations of the indictment are not sufficiently definite and clear to charge a second offense under the statute. It is well settled that in such cases as this the indictment must set out the former conviction, and the jury by their verdict must find the traverser guilty of such second offense before the penalty provided for the second offense can be imposed. *Maguire* v. *State,* 47 Md. 485; *Goeller* v. *State,* 119 Md. 61. In *Maguire's Case, supra,* it was said: "The law would seem to be well settled that if the party be proceeded against for a second or third offense under the statute, and the sentence prescribed be different from the first, or severer, by reason of its being such second or third offense, the fact thus relied on must be averred in the indictment; for the settled rule is that the indictment must contain an averment of every fact essential to justify the punishment inflicted. *Rex* v. *Allen,* Russ & R., 513; *Regina* v. *Page,* 9 C. & P. 756; *Reg.* v. *Willis,* L. R. 1 C. C. 363; *Plumbly* v. *Conn.,* 2 Met. 413; 3 *Whart., C. L.,* sec. 3417; 1 *Bish. C. L.,* secs. 961, 963. And this averment of a prior conviction can only be sustained by the production of the record; or a duly authenticated copy of it, sustained by proof of the identity of the person on trial with the one described in the former indictment. *Reg.* v. *Clark,* 20 *E. L. & Eq.* 582; 1 *Bish. C. L.,* sec. 963; 3 *Whart. C. L.,* sec. 3417. But such an averment of a prior conviction does not charge an offense. As said by LORD CAMPBELL, in *Reg.* v. *Clark, supra:* "It is only the averment of a fact which may

affect the punishment. The jury do not find the person guilty of a previous offense; they only find that he was previously convicted of it, as an historical fact."

Tested by this rule, the indictment alleged a prior offense and conviction as fully as need be, and informed the appellant of the accusation against her with sufficient particularity to enable her to prepare for her defense. The contention that section 14 of the Acts of 1908, quoted above, is unconstitutional, is evidently based upon a misapprehension of the scope and effect of the decision in *Goeller* v. *State, supra.* In that case, the traverser was convicted for selling liquor on Sunday in Baltimore County. The indictment did not charge a second offense. There was a general verdict of guilty, and the Court basing its action on that clause of section 14, which declared "and on conviction a second time, *which fact the Court may ascertain from the dockets of the Court, in connection with evidence,"* imposed a fine provided for a conviction as for a second offense. Judgment was reversed upon the distinct ground that it was not within the power of the Legislature to authorize the Court to ascertain the fact of the former conviction in the manner prescribed by section 14. JUDGE PEARCE, who delivered the opinion, said: "It may safely be declared, therefore, that if our Declaration of Rights requires *all* former convictions to be alleged in the indictment, there is *no other proper manner,* in which any former conviction can be brought forward in aggravation of the punishment, and JUDGE ALVEY in fact has so declared in *Maguire's Case* in saying that the very course of procedure was not in accord with the established practice in such cases; and it could not be, if, as he had also said, the previous conviction must be alleged in the indictment."

In the case before us, we have the anomaly pointed out by JUDGE ALVEY in *Maguire's Case, supra,* viz., a divided verdict, part rendered by one tribunal and part by another. The jury demanded by the traverser and impanelled to try every issue involved, passed upon a single question only, the fact of the sale charged in the indictment, while the Court passed

upon another issue, the fact of a conviction of a previous similar offense, an issue vitally involved under the Act in question; so that one fact in issue is found by the verdict of the jury, and another fact in issue is found by the Court in its sentence, not that it is true in the professed form of a verdict, but of the essence of the verdict."

There is, it is true, some broad language used in the concluding portions of the opinion which the appellant has relied on to strike down the whole of section 14, but when that language is read and applied to the precise question before the Court, it is obvious that it never was intended to have the effect contended for. This is manifest from the judgment which remanded the case for the imposition of the penalty provided by the Act for a first offense. "A statute may be good in part, while other parts are invalid. If a portion be unconstitutional, the Court is not authorized, for that reason, to declare the whole void." *State* v. *Davis,* 7 Md. 151. In *Commonwealth* v. *Hitchings,* 5 Gray, 482, where the same rule of construction was adopted, the Court said: "The constitutional and unconstitutional provisions may often be contained in the same sections, and yet be perfectly distinct and separable, so that the first may be sustained, though the last fall. The point is not whether they are contained in the same section, for the distribution into sections is purely artificial; *but whether they are essentially and inseparably connected in substance."* *Hagerstown* v. *Dechert,* 32 Md. 369.

All that was decided in the *Goeller Case,* with respect to the validity of the Act of 1908, Chapter 179, was that the provisions of section 14 which empowered the Court, from an inspection of its dockets in connection with evidence, to declare the traverser guilty of a second offense, was unconstitutional. What has been said disposes of the only two questions presented by the appeal, and finding no error in the rulings of the lower Court, the judgment will be affirmed.

*Judgment affirmed, with costs.*