**Willie Lee KNIGHT, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 14642.**

United States Court of Appeals
Ninth Circuit.

July 18, 1955.

Certiorari Denied Nov. 7, 1955.

See 76 S.Ct. 148.

Willie Lee Knight, in pro. per.

Louis B. Blissard, U. S. Atty., Charles R. Wichman, Asst. U. S. Atty., Honolulu, Hawaii, Lloyd H. Burke, U. S. Atty., San Francisco, Cal., for appellee.

Before DENMAN, Chief Judge, and BONE and ORR, Circuit Judges.

BONE, Circuit Judge

On November 22, 1954, the appellant filed in the lower court a motion to correct what he claimed to be illegal and

excessive sentences in a proceeding under 28 U.S.C.A. § 2255. He contended that the United States attorney had failed to file an information of the kind prescribed in 26 U.S.C.A. § 2557(b) (1) in connection with the proceeding which established by his admission in open court a prior narcotics conviction. The lower court denied this motion on December 17, 1954.

On January 22, 1953, appellant was sentenced to five years in prison for a narcotics violation under 26 U.S.C.A. § 2553(a). This was the "prior conviction" here involved. He requested, and was granted a stay of mittimus for one day to take care of various business and personal affairs. During this day of grace appellant committed two further narcotics offenses by attempting to dispose of an estimated $300,000 worth of narcotics by mailing them to San Francisco. This transaction was discovered by the Bureau of Narcotics. For this offense appellant was indicted on February 18, 1953 for violation of 21 U.S.C.A. § 174 and 26 U.S.C.A. § 2553(a). After being fully advised of the charge he waived counsel and entered a plea of guilty to these two further narcotics violations. This plea occurred on February 20, 1953. For these two later offenses he received two ten year sentences which were ordered to run concurrently with each other but consecutively with the first five year sentence which he was then serving.

The proceeding here involved took place before the judge who had sentenced the appellant for his prior narcotics violation just one month earlier. Although the United States attorney informed the court and appellant of the prior conviction, he did not file an information setting forth the prior conviction as prescribed in 26 U.S.C.A. § 2557(b) (1).

The record on appeal makes plain that appellant in the lower court frankly admitted that he was guilty of the two narcotics violations here involved and that he was a second offender (under the Boggs Act, 26 U.S.C.A. § 2557(b) (1). Despite this record appellant here demands reversal of the lower court's refusal to *reduce* his sentence to conform to that imposed upon a first offender. This contention is based upon the fact that the United States attorney did not "advise" the court of appellant's prior conviction by filing an information of the character noted in 26 U.S.C.A. § 2557(b) (1):

"* * * After conviction, but prior to pronouncement of sentence, the court shall be advised by the United States attorney whether the conviction is the offender's first or subsequent offense. If it is not a first offense, the United States attorney shall file an information setting forth the prior convictions. The offender shall have the opportunity in open court to affirm or deny that he is identical with the person previously convicted. * * *"

Although the United States Attorney did not file an "information" setting forth the prior conviction, he did, in open court and in the presence of appellant Knight, "advise" the court and appellant of appellant's prior narcotics conviction and sentence.

In addition, Judge McLaughlin was personally aware that appellant was a second offender under the Boggs Act for he had previously tried and sentenced the appellant for the prior and first narcotics violation within the period of one month.

Furthermore, appellant then admitted to the court that he knew being a second offender under the Boggs Act meant a mandatory minimum sentence without possibility of probation. After conviction and immediately prior to the pronouncement of the sentence here attacked, appellant freely admitted that he had previously been tried and convicted by the same court for a prior narcotics offense.

26 U.S.C.A. § 2557(b) (1) is not a statute prescribing a technical process for establishing the truth of a criminal charge nor for the detailed ascertainment of guilt. Previously established guilt of a narcotics offense is a prerequi-

site to the operation of this statute. The determination under the Boggs Act is less technical and is concerned solely with whether or not the presently convicted man was actually the same man who had previously been convicted for a narcotics offense. *If* previous conviction is *denied, proof thereof must be adduced.* The question of identity thus becomes the one and only issue in such a proceeding. Here appellant had full opportunity *to admit or deny* in open court *his identity* as the man previously convicted. Had he *denied* such identity the applicable statute would come into play and permit a jury to decide whether he was the person who had previously been convicted. His admission removed any rational reason for resort to such an "identity" proceeding.

In open court he was given opportunity by the trial court to deny his previous narcotics conviction. But he elected to there freely admit that he was the same *Willie Knight* who had previously been convicted of a narcotics offense in that court. In addition, the record is replete with references and discussions of the prior narcotics conviction by the appellant, the court and the United States attorney.

The technical defect involved, when measured against the cold facts of the case, does not warrant setting the sentences aside and bringing the appellant once again before the District Court for resentencing. Without warping logic we find it impossible to conclude that appellant suffered any legal prejudice by the failure to file an information charging a prior conviction which he freely admitted in court. The filing of, and a formal hearing upon such an information would have been a work of supererogation inasmuch as *all* such a proceeding could possibly have established was fully and conclusively established by the frank admission of Knight in open court concerning the issue of identity, which would have been the only issue before a jury in an information proceeding above referred to.

"Information" as used in this statute does not connote nor require the precise adherence to procedural details the law demands in the case of a criminal charge. In our view the defect or omission here involved does not involve a substantial right. If failure to file such an information was error we regard it as harmless.

Rule 52(a) of the Federal Rules of Criminal Procedure, 18 U.S.C.A. provides:

"Harmless error. Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded."

As authority for his contention, appellant has filed with this Court a photostatic copy of an unreported order correcting a sentence in the case of United States of America v. John Illova, before the District Court, Eastern District of Michigan, Southern Division entered June 16, 1954.

The case before us is clearly distinguishable from the Illova case. Although we have only the bare order of that court before us for inspection it reveals that in the Illova case the court said:

" * * * at the time of sentence it was established through his counsel that it was the Defendant's third Federal Narcotic Conviction, *but only through his counsel, the Defendant himself never having admitted the same in open court; * * * *"* (Emphasis ours.)

The Boggs Act affords a defendant certain safeguards prior to imposing a penalty on offenders for second and third offenses. It requires that the court be *advised* of a prior narcotics conviction. *If the defendant denies such a previous conviction,* the statute permits him to litigate the question of identity.

Here the court was fully "advised," and in addition appellant was fully informed of the consequence of *admitting identity.* The record makes abundantly clear that appellant knew to which prior conviction the government attorney was referring. In fact,

appellant discussed at length many facets of this prior conviction in open court and there again freely admitted that he had been convicted and sentenced on a narcotics charge just a month before in the same court and before the same judge. Under such circumstances a claim of deprivation of a substantial right loses all force. At best, his argument boils down to a claim of right to be tried on an issue of identity, an issue which he obliterated by admitting the one and only possible question to be resolved in such a proceeding.

Even if appellant succeeded in having his second sentences declared illegal, he would not achieve anything of substance. His claim in the court below that he cannot be re-sentenced because the sentence or sentences would deprive him of due process has no substance in law. Bozza v. United States, 330 U.S. 160, 67 S.Ct. 645, 91 L.Ed. 818; White v. Hunter, D.C., 76 F.Supp. 954; Wilson v. Bell, 6 Cir., 137 F.2d 716.

We agree with the ruling and order of the district court denying appellant's motion to correct sentences and it is affirmed.