468 A.2d 351

Larry BROADWAY

v.

STATE of Maryland.

No. 56, Sept. Term, 1983.

Court of Appeals of Maryland.

Dec. 27, 1983.

Gary S. Offutt, Asst. Public Defender, Baltimore (Alan H. Murrell, Public Defender, Baltimore, on the brief), for appellant.

Richard B. Rosenblatt, Asst. Atty. Gen., Baltimore (Stephen H. Sachs, Atty. Gen., Baltimore, on the brief), for appellee.

Argued before MURPHY, C.J., and SMITH, ELDRIDGE, COLE, DAVIDSON, RODOWSKY and COUCH, JJ.

MURPHY, Chief Judge.

We granted certiorari in this case to consider whether, in a probation revocation proceeding, a probationer was afforded timely notice of claimed violations of the conditions of his probation.

## I.

On July 7, 1981, the appellant Larry Broadway was convicted in the Circuit Court for Harford County of operating

an unregistered and uninsured vehicle with a revoked driver's license. Following imposition of sentence, he was placed on probation upon a number of stated conditions. On September 14, 1981, appellant was arrested and incarcerated in the Baltimore City Jail on charges of armed robbery and use of a handgun. Subsequently, on March 19, 1982, he pleaded guilty to both offenses and was given concurrent sentences of twenty years for the robbery and fifteen years for the handgun violation.

Earlier, on March 16, 1982, a petition to revoke appellant's probation was served upon him, charging that

(1) He failed to report to his Probation Agent as required on January 6, 1982; and

(2) He failed to appear at a Violation of Probation Hearing on November 5, 1981.

A supplemental petition to revoke appellant's probation was filed on April 16, 1982. It charged that appellant had failed to obey all laws, had failed to get his probation agent's permission before obtaining possession of a dangerous weapon, and failed to pay court costs. Appellant was never served with a copy of the supplemental petition.[1] He and his attorney were notified of the additional charges on the morning of the probation revocation hearing in the Circuit Court for Harford County (May 10, 1982). The appellant objected to the introduction of any evidence relating to the violations charged in the supplemental petition. He indicated that he needed time to prepare responses to the new charges. The court overruled the objection and admitted the evidence. The court stated that the appellant could have expected that his convictions would be used against him at the hearing. On cross-examination, the State's witness testified that the first charge in the original petition (failure to report) had been dismissed. Concerning the second charge, the appellant testified that he did not appear at the earlier scheduled probation revocation hearing be-

---

1. Indeed, the supplemental petition is not even a part of the record in this case.

cause he was confined to the Baltimore City Jail at the time. The court revoked appellant's probation based, in part at least, upon the charges contained in the supplemental petition and he was required to serve the remaining part of his sentence consecutive to the twenty-year sentence he was then serving.

The Court of Special Appeals affirmed in an unreported per curiam decision. It rejected appellant's argument that he received inadequate notice of the charges against him in the supplemental petition; it said:

> "Appellant was aware that a condition of his probation was that he obey all laws; he was also aware that he had been convicted of a crime, and that there was going to be a hearing on the revocation of his probation. Under the circumstances, we find neither error nor abuse of discretion by the court in permitting evidence of appellant's conviction to be introduced against him at the hearing."

## II.

Appellant argues before us that his probation was improperly revoked because it was based upon alleged violations contained in a supplemental petition of which he received no notice prior to the revocation hearing. He asserts that the revocation order violated both Maryland Rule 775(c) and the due process requirements of the state and federal constitutions. Because we find that there was a clear violation of the rule, it is unnecessary for us to reach the constitutional issue.

Rule 775(c) effectuates the same policy of fairness that underlies the probationer's right to notice guaranteed by the due process clauses of the Fourteenth Amendment to the United States Constitution and Article 24 of the Decla-

ration of Rights. *See, e.g., Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972); *Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). The rule provides:

> "On the motion of the State's Attorney or on its order the court may hold a hearing to determine whether any condition of probation has been violated. *The motion or order* shall state each violation of conditions charged and *shall be served on the defendant sufficiently before the hearing to permit him a reasonable opportunity to rebut the charges.* The hearing is to be held whenever practicable by the sentencing judge." (Emphasis added.)

Quite clearly, notice given to the probationer on the morning of the revocation hearing does not satisfy the requirements of the rule where, as here, the probationer objects on the ground that he has not been afforded adequate notice to permit preparation of a defense. In so concluding, we find no merit in the State's argument that there was no error because the appellant knew of his convictions, knew of the revocation hearing and was earlier informed of all the conditions of his probation. Actual knowledge of these facts does not supplant the adequate notice requirement of Rule 775(c). Plainly, it is not consistent with the rule to require a probationer to predict which of several potential violations will be used against him at the hearing. Rather, the rule indicates that the probationer is entitled to be notified of the grounds asserted in the petition in sufficient time to "permit him a reasonable opportunity to rebut the charges." Nor are we enamored of the State's argument that even if appellant had notice of the charges in the supplemental petition, he would not have been able successfully to defend against them. While this may well prove true in the final analysis, appellant is nevertheless entitled under the rule to a reasonable opportunity to prepare a defense, including presentation of matters in mitigation. As he was denied his

claimed right to such an opportunity, a new revocation hearing must be ordered.

JUDGMENT REVERSED; CASE REMANDED TO THE COURT OF SPECIAL APPEALS WITH INSTRUCTIONS TO REMAND THE CASE TO THE CIRCUIT COURT FOR HARFORD COUNTY FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION; COSTS TO BE PAID BY HARFORD COUNTY.