477 A.2d 768

**Maurice KING**

v.

**STATE of Maryland.**

**No. 151, Sept. Term, 1983.**

Court of Appeals of Maryland.

July 12, 1984.

Howard L. Cardin, Baltimore, for appellant.

Stephanie J. Lane, Asst. Atty. Gen., Baltimore (Stephen H. Sachs, Atty. Gen., Baltimore, on the brief), for appellee.

Argued before MURPHY, C.J., ELDRIDGE, COLE, DAVIDSON, RODOWSKY and COUCH, JJ., and JAMES C. MORTON, Jr., Associate Judge of the Court of Special Appeals (retired), Specially Assigned.

JAMES C. MORTON, Jr., Associate Judge of the Court of Appeals (retired), Specially Assigned.

In this case, we are confronted with the question whether the State's failure to provide appellant with adequate notice, pursuant to Maryland Rule 734 b, of its intent to seek enhanced punishment under Maryland Code (1957, 1982 Repl.Vol., 1983 Supp.) Art. 27, § 36B(b), mandates reversal of appellant's sentence as a subsequent offender for unlawful possession and transportation of a handgun. We conclude that although the State's notice was defective, the error was harmless beyond a reasonable doubt. Therefore, we shall uphold the sentence and affirm the decision of the Court of Special Appeals in *King v. State*, 55 Md.App. 672, 466 A.2d 1292 (1983).

Because the issue presented on this appeal involves only the propriety of the sentence imposed, it is unnecessary to delineate the facts underlying King's conviction. King was arrested for a violation of Art. 27, § 36B(b)[1] in July 1981. After praying for a jury trial, King was arraigned in the Circuit Court for Baltimore City on September 14, 1981. At this time, the State served King with notice of its intent to seek additional or mandatory sentence as authorized by Art. 27, § 36B(b)(ii).[2] Under this statute, if a defendant has previously been convicted of unlawful possession and transportation of a handgun then the Court must impose at least

---

**1.** Art. 27, § 36B(b) states in pertinent part:

"Any person who shall wear, carry, or transport any handgun, whether concealed or open, upon or about his person, and any person who shall wear, carry or knowingly transport any handgun, whether concealed or open, in any vehicle traveling upon the public roads, highways, waterways, or airways or upon roads or parking lots generally used by the public in this State shall be guilty of a misdemeanor...."

**2.** Art. 27, § 36B(b)(ii) provides:

"If the person has previously been once convicted of unlawfully wearing, carrying, or transporting a handgun in violation of § 36B, ... he shall be sentenced to the Maryland Division of Correction for a term of not less than 1 year nor more than 10 years, and it is mandatory upon the court to impose no less than the minimum sentence of 1 year...."

a sentence of one year imprisonment, but may impose a sentence of up to ten years imprisonment. The notice in this case provided:

"[T]he State will seek increased punishment as authorized by law since Maurice King, Defendant, was convicted of the violation(s) of Art. 27 Sections 36; 36B of the State of Maryland.

"The maximum increased/mandatory punishment, if the Court determines that the Defendant is a subsequent offender, is imprisonment for 10 years and/or a fine of _____, or both on the above stated charges."

King was convicted by a jury on August 10, 1982. The court deferred sentencing proceedings until September 17, 1982. At the sentencing hearing, appellant objected for the first time to the State's attempt to seek enhanced punishment. Appellant asserted that the notice of his prior conviction for unlawful possession of a handgun was inadequate under Maryland Rule 734.[3] King contended in partic-

---

3. Maryland Rule 734 states:
   "a. *Definition.*
   "A subsequent offender means a defendant who, because of prior conviction, is subject to additional or mandatory statutory punishment for the offense charged.
   "b. *Required Notice of Additional Penalties.*
   "Except as provided in section c of this Rule, no defendant shall be sentenced as a subsequent offender unless prior to acceptance of a plea of guilty or *nolo contendere* or at least 15 days prior to trial, whichever is earlier, the State's Attorney serves a notice on the defendant or his counsel that the State will seek increased punishment as authorized by law. The notice shall set forth each prior conviction to be relied upon.
   "c. *Mandatory Penalties.*
   "If a mandatory sentence is prescribed by law because of a specified previous conviction, the State's Attorney, at least 15 days prior to sentencing, shall serve upon the defendant or his counsel a notice of the alleged prior conviction which would require imposition of the mandatory sentence.
   "d. *Disclosure of the Notice.*
   "After acceptance of a plea of guilty or *nolo contendere* or after conviction a copy of the notice shall be filed with the clerk and presented to the court. The allegation that the defendant is a subsequent offender is not an issue in the trial upon a charging document and may not be disclosed to the trier of fact without the

ular that the State's notice failed to comply with the requirement in Rule 734 b that "[t]he notice shall set forth each prior conviction to be relied upon." Appellant's counsel admitted to the trial court that there was no surprise, and indeed that there was full knowledge on the part of both appellant and his attorney, with respect to the prior conviction. Nevertheless, he claimed that the technical failure to comply with the rule was itself prejudicial and should result in rendering the enhanced punishment statute inapplicable. The trial court dismissed this objection on the basis that, although the State's failure to serve adequate notice pursuant to Rule 734 b was "inexcusable," the lack of surprise as well as prejudice to the defendant's ability to prepare his defense necessitated a finding of substantial compliance with the purpose of the rule. The trial court sentenced appellant to ten years imprisonment.

The Court of Special Appeals affirmed King's sentence in *King v. State,* 55 Md.App. 672, 466 A.2d 1292 (1983). The court determined that the notice served King was timely and informed him that the State intended to seek enhanced punishment based on the prior conviction. Therefore, the notice was sufficient to allow the defendant to competently plead to and defend the current charge, especially given his actual knowledge of the prior conviction relied on by the State. The court concluded that the underlying purpose and function of Rule 734 were satisfied in this case. 55 Md.App. at 687, 466 A.2d at 1300. Because the intermediate appellate court apparently relied on the trial court's conclusion that there was "substantial compliance" with the rule, we issued a writ of certiorari in order to clarify two points: First, that the State did not substantially comply

consent of the defendant, except as permitted in this Rule. Nothing herein shall prohibit the use of any prior conviction for impeachment purposes, if the evidence is otherwise admissible.

"e. *Determination.*

"Before sentencing and after giving the defendant an opportunity to be heard, the court shall determine whether the defendant is a subsequent offender as specified in the notice of the State's Attorney."

with the notice provision contained in Rule 734 b; and second, that the failure to comply with the rule constitutes, given the facts of the present case, harmless rather than reversible error.

This Court delineated the dimensions of the harmless error doctrine in *Dorsey v. State*, 276 Md. 638, 350 A.2d 665 (1976). We stated, "[W]hen an appellant, in a criminal case, establishes error, unless a reviewing court, upon its own independent review of the record, is able to declare a belief, beyond a reasonable doubt, that the error in no way influenced the verdict, such error cannot be deemed 'harmless' and a reversal is mandated." 276 Md. at 659, 350 A.2d at 678. In *Dorsey*, we determined that the erroneous admission of a detective's testimony, which included his opinion as to the basis of defendant's guilt, directly influenced the jury's verdict of guilty and, thus, constituted reversible error. 276 Md. at 659–60, 350 A.2d at 678–79.

Since our decision in *Dorsey*, we have applied the harmless error doctrine in several cases which involved alleged violations of the various Maryland Rules applicable to criminal actions. For example, in *Noble v. State*, 293 Md. 549, 446 A.2d 844 (1982), the appellant claimed that his absence from the voir dire of a juror at the bench violated his right under Maryland Rule 724 to be present at every stage of his trial. Judge Eldridge noted for the Court, "This Court has firmly adhered to the principle that the rules of procedure are precise rubrics to be strictly followed, and we shall continue to do so. A violation of one of these rules constitutes error, normally requiring such curative action or sanction as may be appropriate." 293 Md. at 557, 446 A.2d at 848. He went on to say, "It does not follow, however, that the harmless error doctrine has no application to the Maryland Rules and that a violation of a procedural rule can never be harmless. There is no basis in authority or logic for such a holding." 293 Md. at 558, 446 A.2d at 848. After determining that a violation of a procedural rule will not result in reversal of a criminal conviction if the standard for harmless error is satisfied, we held in *Noble* that the

defendant's absence from the voir dire of a juror did not result in prejudice to him. Therefore, there was no reversible error. 293 Md. at 571–72, 446 A.2d at 856. For other cases involving violations of criminal rules in which the harmless error doctrine was considered, see, e.g., *Broadway v. State*, 298 Md. 237, 468 A.2d 351 (1983) (Rule 775 c: notice with respect to grounds for revocation of probation); *Sherman v. State*, 288 Md. 636, 421 A.2d 80 (1980) (Rule 758 a: previously dismissed indictments in jury room during deliberation); *Johnson v. State*, 283 Md. 196, 388 A.2d 926 (1978) (Rule 753 (now Rule 755): sequestration of witnesses).

■ The *Dorsey* standard for harmless error has been applied most frequently in cases raising questions concerning those proceedings which lead to the determination of a criminal defendant's guilt or innocence. Nothing in the cases, however, suggests that application of the standard should be limited to pretrial or trial proceedings. We note for purposes of clarification, therefore, that the harmless error doctrine as delineated in *Dorsey* applies not only to proceedings involving the determination of an individual's guilt or innocence, but also to proceedings involving his sentence after conviction. *See Wiener v. State*, 290 Md. 425, 450–51, 430 A.2d 588, 602 (1981).

Having established that the harmless error doctrine applies to the instant case, we turn to an analysis of the underlying purpose and function of the notice requirement contained in Rule 734 b. The propriety of subjecting repeat offenders to enhanced punishment "has long been recognized in this country and in England." *See Graham v. West Virginia*, 224 U.S. 616, 623, 32 S.Ct. 583, 56 L.Ed. 917 (1912) (Court upheld constitutionality of bifurcated procedure, whereby fact of prior conviction was alleged in information and was proved at a proceeding subsequent to the current conviction). This Court first recognized the validity of imposing increased sanctions for repeat offenders in *Maguire v. State*, 47 Md. 485 (1878). In that case, the

defendant was indicted for three counts of liquor law violations; each count was alleged to have been the defendant's second such offense. In his opening statement, the prosecutor read that part of the indictment containing the allegations of prior convictions. The Court rejected defendant's objection to this practice on the basis that it exposed him to double punishment. First, the Court noted that the rationale underlying enhanced punishment statutes is that a person who has previously been convicted of the crime with which he is currently charged is presumed to be aware of the penalties attaching to the offense. 47 Md. at 495. Judge Alvey remarked that if the first conviction was "insufficient to restrain his vicious propensities," a defendant "has no reasonable cause of complaint that his former transgressions, under the same law, are brought up in judgment against him." 47 Md. at 496. The Court further stated, "No constitutional objection exists to such regulation of punishment; and provisions in statutes similar to that under which the present indictment was framed, have been uniformly sustained, whenever or wherever questioned." 47 Md. at 496.

Second, the Court upheld the proceeding whereby the fact of a prior conviction was averred in the indictment of the current offense. The Court reasoned that "the indictment must contain an averment of every fact essential to justify the punishment inflicted." 47 Md. at 496. Therefore, the fact of a prior conviction was necessary to the indictment for the second offense, to which enhanced punishment would attach. The prior conviction was to be proven by production of the record of the prior charge and by proof that the same person committed both the prior and the current offenses. 47 Md. at 497. The Court pointed out, however, that "such an averment of prior conviction does not charge an offense. As said by Lord Campbell, in *Reg. v. Clark*, [20 E.L. & Eq. 582], 'it is only the averment of a fact which may affect the punishment. The jury do not find the person guilty of the previous offense; they only find

that he was previously convicted of it, as an historical fact.'" 47 Md. at 497.

Subsequent to the decision in *Maguire,* the Court continued to recognize the necessity of including in the indictment for a current offense an averment which alleged a prior conviction, as well as having the jury determine that the defendant actually was convicted of that prior offense. *See, e.g., Hall v. State,* 121 Md. 577, 89 A. 111 (1913); *Goeller v. State,* 119 Md. 61, 85 A. 954 (1912). The purpose of alleging a prior conviction in the indictment was to inform a defendant of the accusation against him with sufficient detail in order to enable him to prepare adequately for his defense. *Hall,* 121 Md. at 581, 89 A. at 113.

The requirement that the jury establish the historical fact of a prior conviction when it assessed the guilt of a defendant with respect to a current offense was questioned by the Court in *Beard v. State,* 216 Md. 302, 140 A.2d 672, *cert. denied,* 358 U.S. 846, 79 S.Ct. 72, 3 L.Ed.2d 81 (1958). In *Beard,* defendant was indicted for violations of the narcotics laws. The Court confronted two issues relevant to the instant case: whether the indictment properly alleged the fact of his prior conviction for the same offense; and whether the jury's general verdict of guilty, which failed to specify the historical fact of the prior conviction as well as guilt for the current offense, was sufficient to subject him to enhanced punishment.

The Court considered the latter question first, and noted, "In this State, under the rule of the *Maguire* case and of the cases following it, if there is a general verdict of guilty on a count or indictment charging a current offense and alleging one or more prior offenses, the defendant can be sentenced only as for a first offense." 216 Md. at 309, 140 A.2d at 676. The defendant's admission by stipulation in open court of the prior conviction, however, was deemed sufficient to support his being sentenced as a repeat offender. As the Court stated, "[I]t would be an unwarranted refinement of technicality which would serve no useful

purpose, to hold that, in spite of the defendant's stipulation of record admitting two prior convictions, the jury must, nevertheless, pass upon them." 216 Md. at 312, 140 A.2d at 678.

With respect to the other issue, the Court concluded that the precise form of an indictment was immaterial so long as it sufficiently informed the defendant of all necessary facts on which enhanced punishment would be based. 216 Md. at 319–20, 140 A.2d at 682. In *Beard*, the combination of the jury's determination of defendant's guilt as to the current offense and his admission of the former convictions justified the increased penalty. 216 Md. at 319–20, 140 A.2d at 682.

At the conclusion of the Court's opinion, Chief Judge Brune noted that the Rules Committee might consider whether to adopt a change in the *Maguire* rule, given that neither a particular form of indictment alleging a prior conviction nor the practice of having the jury pass on the accused's former convictions was constitutionally required. 216 Md. at 320, 140 A.2d at 682–83. Indeed, in *Oyler v. Boles*, 368 U.S. 448, 82 S.Ct. 501, 7 L.Ed.2d 446 (1962), the Supreme Court determined that "a defendant must receive reasonable notice and an opportunity to be heard relative to the recidivist charge even if due process does not require that notice be given prior to the trial on the substantive offense." 368 U.S. at 452, 82 S.Ct. at 504. Under the statute at issue in *Boles*, notice of the State's intent to seek enhanced punishment was timely even if served on defendant after the trial on the current offense; a jury trial was provided for on the issue of identity if the defendant denied that he was the person named in the information alleging the prior conviction. 368 U.S. at 452–53, 82 S.Ct. at 503–04. *See also Loveday v. State*, 296 Md. 226, 237–38, 462 A.2d 58, 63 (1983) (constitutionality of imposing more severe penalties on subsequent offenders "no longer open to challenge").

In response to the Court's invitation in *Beard*, the Rules Committee promulgated Maryland Rule 713. Under Rule

713, which was adopted in 1962, the indictment was silent as to the State's intent to prosecute the accused as a second offender. Rather, the rule required the attachment of an addendum to the indictment, which informed the defendant that: the State had evidence of the prior convictions; the State intended to prosecute the accused as a second offender; the maximum punishment may be imposed if convicted; and the defendant had the right to request that the issue of whether he had in fact been previously convicted for the same crime could be tried concurrently with the current offense. Although the procedure had altered, under Rule 713 the existence of a prior conviction continued to be a triable issue determined by, at the defendant's election, either court or jury. *See, e.g., Ware v. State*, 13 Md.App. 302, 305–06, 283 A.2d 177, 179–80 (1971).

The promulgation and adoption of Rule 734 in 1976 discontinued the practice of informing an accused at the time of his indictment for the current offense that the State intends to seek enhanced punishment based on a former conviction. Under the rule,

> "no defendant shall be sentenced as a subsequent offender unless prior to acceptance of a plea of guilty or *nolo contendere* or at least 15 days prior to trial, whichever is earlier, the State's Attorney serves a notice on the defendant or his counsel that the State will seek increased punishment as authorized by law. The notice shall set forth each prior conviction to be relied upon." Md.Rule 734 b.

Further, the rule provides, "The allegation that the defendant is a subsequent offender is not an issue in the trial upon a charging document and may not be disclosed to the trier of fact without the consent of the defendant...." Md.Rule 734 d. Moreover, the rule states, "Before sentencing and after giving the defendant an opportunity to be heard, the court shall determine whether the defendant is a subsequent offender as specified in the notice of the State's Attorney." Md.Rule 734 e.

As an annotation to the rule there appears the following Committee Note: "Sentencing a defendant as a subsequent offender is here conceived to be in the sentencing power of the court and not a matter for a jury. The burden of establishing the prior offense rests with the State." It follows, therefore, that the fact of a former conviction pertains only to the sentencing of the defendant after his conviction for the current offense. *See Standing Committee on Rules of Practice and Procedure, Memorandum on Draft Rule 734 Attached to the 53rd Report* at 4 (1976) (submitted by Robert J. Ryan, Reporter). The purpose of giving a defendant notice before trial of the State's intent to seek enhanced punishment is to permit a realistic assessment of the consequences of defending the current offense at trial or pleading guilty.

When the Rules Committee submitted its report on Rule 734, it indicated that the rule was modeled on provisions in the United States Code and the District of Columbia Code. *Memorandum on Draft Rule 734* at 3. Therefore, it is instructive to consider those cases which have interpreted and applied the provisions of 18 U.S.C. § 3575 (1982)[4] and D.C.Code Ann. § 23–111 (1981).[5]

---

**4.** The federal statute requires that the government establish not only that a particular defendant is a repeat offender, but also that he is dangerous. The statute provides that the prosecutor must serve before trial a notice "(1) specifying that the defendant is a dangerous special offender who upon conviction for such felony is subject to the imposition of [an enhanced punishment], and (2) setting out with particularity the reasons why such attorney believes the defendant to be a dangerous special offender." 18 U.S.C. § 3575(a) (1982).

**5.** The District of Columbia statute provides:
"No person who stands convicted of an offense under the laws of the District of Columbia shall be sentenced to increased punishment by reason of 1 or more previous convictions, unless prior to trial or before entry of a plea of guilty, the United States attorney or the Corporation Counsel ... files an information with the clerk of the court, and serves a copy of such information on the person or counsel for the person, stating in writing the previous convictions to be relied upon." D.C.Code Ann. 23–111(a)(1) (1981).

Very few cases have confronted, even remotely, the issue raised in this case, which involves the determination of whether insufficient notice of the government's intent to seek enhanced punishment can be harmless error. In *Arnold v. United States*, 443 A.2d 1318 (D.C.1982), the government filed an information, which stated the previous convictions it relied on to seek sentencing of the appellant as a subsequent offender, after the impaneling of the jury. The court held that although D.C.Code Ann. § 23–111(a)(1) provides that the notice must be filed prior to the impaneling of the jury, and therefore that the government's notice clearly was untimely, the error was harmless. The court stated:

> "[W]hile we conclude that the prosecutor must file informations seeking enhanced punishment prior to the start of the impaneling of the jury, we believe that the prosecutor's failure to do so in this case constituted harmless error. . . . Here, the record reveals that appellant was fully aware of the government's intention to file informations seeking enhanced punishment, thus allowing him an adequate opportunity to determine whether to plead guilty or proceed to trial. The overriding statutory purpose of providing a defendant 'notice' of the possibility of enhanced punishment was clearly satisfied in this case." 443 A.2d at 1327–28.

No federal case involving 18 U.S.C. § 3575 (1982) has applied the harmless error doctrine to circumstances in which the government served inadequate notice on the defendant. At least two cases, however, have indicated that the government's substantial compliance with the notice requirement of the statute was sufficient. *See Marshall v. United States*, 576 F.2d 160, 162–63 (9th Cir.1978); *United States v. Ilacqua*, 562 F.2d 399, 403–04 (6th Cir. 1977).[6]

---

6. With respect to a different statute, the Court of Appeals for the Ninth Circuit applied the harmless error doctrine to a repeat offender provision in *Knight v. United States*, 225 F.2d 55 (9th Cir.), *cert.*

Our review of the history of Rule 734 leads us to the conclusion that the State's notice in the instant case was inadequate. The purpose underlying the notice provision of the enhanced punishment statute is, and always has been, to inform a defendant fully of the nature of the State's case against him in order that he may intelligently conduct his defense. This purpose has remained constant even though the existence of a prior conviction has shifted from an historical fact to be proven at the guilt stage of a criminal trial to a fact to be considered by the trial judge in determining the appropriate sentence.

■ The rule provides that the notice "shall set forth each prior conviction to be relied upon." This language clearly indicates that the former conviction be delineated with particularity, including the date of the conviction, the court in which the proceedings occurred, the statute under which the conviction was obtained, and the exact nature of the offense with which the defendant was charged. Against this standard, the State's notice in this case clearly is deficient, for it simply stated that appellant King was convicted of a violation of "Art. 27 Sections 36; 36B of the State of Maryland." Section 36 authorizes punishment for carrying a weapon, either concealed or openly, with intent to injure. As delineated in § 36(a), the term "weapon" includes various dangerous articles, but handguns are expressly excluded. Therefore, the reference to Art. 27, § 36 was irrelevant to the offense for which King was tried in

---

denied, 350 U.S. 890, 76 S.Ct. 148, 100 L.Ed. 784 (1955). In *Knight*, the defendant had been found guilty of narcotics violations pursuant to the same statute under which he previously had been convicted. Although the government failed to file an information delineating the prior conviction, the defendant admitted in open court that he realized his second conviction would subject him to a mandatory minimum sentence without probation. Given this admission, the court concluded, "In our view the defect or omission here involved does not involve a substantial right. If failure to file such an information was error we regard it as harmless." 225 F.2d at 57.

the instant case. In addition, the mere reference to the prior conviction under Art. 27, § 36B was insufficient for no specific or detailed information, such as that delineated above, was included.

The determination that the notice was inadequate to satisfy the requirements of Rule 734 does not in any way preclude our holding that, under the facts of this case, the error was harmless beyond a reasonable doubt. The record establishes that the State served notice of its intent to seek the maximum ten year sentence for second offenders at least fifteen days before trial, as required by Rule 734 b. We agree with the Court of Special Appeals that "a defendant has no duty to bring a defective notice to the State's attention," *King v. State,* 55 Md.App. at 678, 466 A.2d at 1295, and we have determined that the defective notice served in this case failed to discharge the State's burden of establishing the prior conviction. Nevertheless, the defendant was aware of the precise prior conviction to be relied upon at the time he received the notice. Indeed, King's counsel conceded this knowledge at the sentencing hearing. Therefore, the appellant cannot allege surprise. Moreover, there was no prejudice. Given that there was full knowledge of the nature and circumstances of the prior conviction despite the inadequate notice, the appellant was not in any way hampered in his ability either to decide whether to plead guilty or proceed to trial, or having elected a jury trial, in presenting and preparing his defense. Thus, the lack of surprise or prejudice to King by virtue of the State's failure to comply with Rule 734 b leads us to conclude that the error was harmless beyond a reasonable doubt.

JUDGMENT AFFIRMED; APPELLANT TO PAY THE COSTS.